992 So.2d 659 (2008)
John O'Neal LUSE, Appellant,
v.
Lender LUSE, Appellee.
No. 2007-CA-00171-COA.
Court of Appeals of Mississippi.
July 1, 2008.
Rehearing Denied October 14, 2008.
*660 Bruce W. Burton, attorney for appellant.
Richard R. Grindstaff, attorney for appellee.
Before LEE, P.J., CHANDLER and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. John O'Neal Luse appeals the order of the Chancery Court of Hinds County which granted Lender Luse a divorce from him after he failed to answer the complaint and failed to attend the hearing on the matter. The chancery court also granted Mrs. Luse ownership of certain marital property. On appeal, Mr. Luse asserts three issues: (1) the chancery court erred in granting a divorce on the grounds of desertion when the proceedings were not held in open court as required by law; (2) the chancery court erred in failing to make specific findings of fact and conclusions of law regarding the equitable distribution of the marital property; and (3) the chancery court erred in granting a divorce and awarding all marital property to Mrs. Luse when no Uniform Chancery Court Rule 8.05 financial statement was filed by either party. Finding no error, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. Lender and John Luse were married in 1981 and had one child, who was born in 1984. In September 2002, the couple separated. On November 6, 2006, Mrs. Luse filed for divorce in the Hinds County Chancery Court on the grounds of desertion or, in the alternative, irreconcilable differences. She also petitioned the court for the ownership of a house and lot in Hinds County and land in Holmes County. A summons was issued the same date to Mr. Luse, who was served with process in Yazoo County the next day. The summons explained that he must answer the complaint within thirty days or a judgment of "default" would be entered against him.
¶ 3. The record indicates Mr. Luse never responded to the complaint or entered an appearance in court. On December 29, 2006, Mrs. Luse was granted a final judgment of divorce on the grounds of desertion. The chancery court also awarded the real property in Hinds and Holmes County to Mrs. Luse. Aggrieved, on January 26, 2007, Mr. Luse filed a notice of appeal. Subsequently, on February 1, 2007, Mr. Luse filed a motion for relief from the final judgment of divorce in the chancery court pursuant to the Mississippi Rules of Civil *661 Procedure Rules 60(b)(4) and (6).[1] In his motion, he claimed that the judgment should be set aside as void because the divorce proceedings were not conducted in open court pursuant to Mississippi Code Annotated section 93-5-17(1) (Rev.2004); there were no financial statements filed by either party pursuant to Rule 8.05 of the Uniform Chancery Court Rules; and there was no transcript of the proceedings. The record indicates the chancery court did not rule on the motion. While a timely post-trial motion will render a notice of appeal ineffective until the motion is ruled upon, a Rule 60 motion must be filed within ten days after the entry of judgment in order to have that effect. M.R.A.P. 4(d). Here, the motion was filed after the ten-day period; therefore, it has no effect on this appeal.
¶ 4. On February 7, 2008, this Court ordered the chancery court to supplement the record regarding Mr. Luse's contentions of the proceedings in that court. On March 4, 2008, the chancellor responded with her supplemental findings, stating that "[t]he divorce proceedings were held in open court. Since child support and alimony were not at issue and Mr. Luse failed to appear," the court waived the 8.05 financial statements. "Lender Luse presented testimony and corroborating evidence to establish that she was entitled to divorce against Mr. Luse on the grounds of desertion pursuant to Miss.Code Ann. § 93-5-1." Additionally, the chancellor stated the matter was on her "uncontested" docket and was considered an "uncontested matter" by her. Mr. Luse submitted a supplemental brief reiterating his previous arguments.

STANDARD OF REVIEW
¶ 5. This Court's standard of review in domestic relations matters is limited. We "will not disturb a chancellor's findings unless manifestly wrong, clearly erroneous, or if the chancellor applied an erroneous legal standard." Jundoosing v. Jundoosing, 826 So.2d 85, 88(¶ 10) (Miss. 2002) (quoting Johnson v. Johnson, 650 So.2d 1281, 1285 (Miss.1994)). Reversal of a chancellor's findings of fact occurs only when there is no "substantial credible evidence in the record" to justify her finding. Id. (citing Henderson v. Henderson, 757 So.2d 285, 289(¶ 19) (Miss.2000)).

DISCUSSION

1. Whether the chancery court erred in granting a divorce on the grounds of desertion when the proceedings were not heard in open court as required pursuant to Mississippi Code Annotated section 93-5-17(1) (Rev.2004).
¶ 6. Mr. Luse contends that the divorce proceedings were not conducted in open court pursuant to Mississippi statutory law; thus, the divorce is void. He maintains that there was no record that a hearing occurred. Mr. Luse also contends that section 93-5-17(1) requires a transcribed record to be created in an uncontested divorce.
¶ 7. Generally, the law of uncontested divorces is that no judgment by default may be entered in a divorce case, but uncontested divorces are proper if the claimant establishes his or her claim or right to relief by evidence in open court. Miss.Code Ann. § 93-5-7 (Rev.2004); M.R.C.P. 55(e). The statute at issue reads as follows: "[t]he proceedings to obtain a *662 divorce shall not be heard or considered nor a judgment of divorce entered except in open court.... Any judgment made or entered contrary to the provisions of this section shall be null and void." Miss.Code Ann. § 93-5-17(1). A defendant is not required to answer the complaint in a divorce matter. Miss.Code Ann. § 93-5-7. However, the divorce complainant must prove the allegations of his or her complaint even when the defendant has failed to answer. Lindsey v. Lindsey, 818 So.2d 1191, 1194(¶ 13) (Miss.2002); Rawson v. Buta, 609 So.2d 426, 430 (Miss.1992). "[A] divorce will not be granted on the uncorroborated testimony of the claimant." Lindsey, 818 So.2d at 1194(¶ 13) (citing Anderson v. Anderson, 190 Miss. 508, 512, 200 So. 726, 727 (1941)).
¶ 8. In this case, Mr. Luse did not answer, and the matter was placed on the court's "uncontested" docket. Mr. Luse did not appear at the hearing, and no transcription was made. There is no language within section 93-5-17 that requires a transcription of an uncontested divorce proceeding  only that sufficient and corroborated proof be presented. Mississippi Rule of Appellate Procedure 10(c) addresses the procedure to be followed where there is no transcript of the proceedings: the appellant is to prepare a statement of the evidence or proceeding "from the best available means, including recollection." If there is any conflict as to what occurred at the hearing, the matter is submitted to the chancellor for decision. This procedure was not followed by Mr. Luse as neither he, nor his appellate counsel, was present at the divorce proceeding. In fact, Mr. Luse merely assumed and argued that no hearing had taken place. Under Rule 10(c), Mr. Luse should have tried to find out what happened in the proceeding, presented his understanding to the appellee, and submitted any conflict to the chancellor. He did not do so.
¶ 9. This Court did, however, request a supplemental record from the chancery court in order to determine what occurred at the trial court. The chancellor made supplemental findings that the proceedings were held in open court. Additionally, the chancellor stated and provided documentation that this matter was considered "uncontested." We also note that the record indicates Mr. Luse never responded to the complaint and never made an appearance in the case until after the final judgment was rendered. The chancellor confirmed that Mrs. Luse presented testimony and corroborating evidence as required to prove her grounds for divorce and equitable distribution in open court. There is a presumption that there is sufficient evidence to sustain a decree once it is entered by the chancellor. Stinson v. Stinson, 738 So.2d 1259, 1264-65(¶ 28) (Miss.Ct.App. 1999). Since there is nothing in the record to contradict the chancellor's finding in this regard, and Mr. Luse failed to follow the procedural rule which might have created such a record, we find no error.
¶ 10. Mr. Luse cites Ory v. Ory, 936 So.2d 405 (Miss.Ct.App.2006) for the proposition that because he filed a Rule 60 motion, this Court has jurisdiction to hear his argument even though it was never previously raised at the trial court level. In Ory, the court affirmed the grant of divorce even though the record failed to disclose whether the divorce was heard in open court. Id. at 410(¶ 11). This Court held that because the court can only address "questions that have already been tried and passed upon by the court from which the appeal is taken," we had no jurisdiction to rule on the question. Id. at 410 (¶¶ 10-11) (quoting Leverett v. State, 197 So.2d 889, 890 (Miss.1967)). Mr. Luse notes that in Ory, the appellant did not file a Rule 60(b)(4) motion to set aside the judgment as void, unlike the instant case; *663 therefore, he contends that the court should consider his arguments raised the first time on appeal. While Mr. Luse did file a Rule 60 motion, unlike the appellant in Ory, he had already appealed to this Court and had not raised this issue at any other time before the chancery court. In fact, he had not responded in any manner to Mrs. Luse's complaint until over one month after the final judgment was entered. Even if this issue had merit, this Court does not have original jurisdiction and thus cannot consider it because the issues raised in Mr. Luse's Rule 60 motion were raised subsequent to his appeal and never previously presented to the chancery court.

2. Whether the chancery court erred in failing to make specific findings of fact and conclusions of law regarding the equitable distribution of the marital property.
¶ 11. Mr. Luse argues that the chancellor erred in not making on-the-record findings of fact and conclusions of law regarding the equitable distribution of the marital property pursuant to the factors articulated in Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994).
¶ 12. The disposition of this issue relates to Mr. Luse's complete failure to defend the suit. As such, Mr. Luse cannot now complain of matters he failed to defend in the chancery court. A party is not allowed to raise an issue for the first time on appeal. Albert v. Allied Glove Corp., 944 So.2d 1, 7(¶ 21) (Miss.2006) (citing Purvis v. Barnes, 791 So.2d 199, 202(¶ 7) (Miss.2001)). While, Mr. Luse did raise this issue in his Rule 60 motion for relief from judgment, as discussed in the prior issue, it was filed after his appeal. Accordingly, this issue is procedurally barred.
¶ 13. Without waiving the procedural bar, we find that on the merits, Mr. Luse is correct in stating that there were no specific findings made in the chancellor's order regarding the property distribution. However, there is a presumption that sufficient evidence was heard to sustain a decree once it has been entered. Stinson, 738 So.2d at 1264-65(¶ 28). No evidence was presented by Mr. Luse to counter this presumption of correctness. Accordingly, we find no error.
¶ 14. Mr. Luse cites to Stinson, where this Court reversed and remanded for additional findings from the chancellor regarding property distribution and child support. Stinson, 738 So.2d at 1260-61(¶ 1). Factually, Stinson bears resemblance to the instant case, as the appellant-husband failed to answer the complaint or appear at the hearing. Id. at 1261 (¶¶ 3-4). The appellee-wife was granted a divorce based on adultery in an uncontested proceeding without the husband present. Custody, child support, and property distribution were also adjudged at this hearing. Id. at (¶ 4). However, the husband filed a motion for reconsideration, prior to his appeal, alleging that the wife intentionally kept the hearing date secret, as well as challenging several of the awards. The chancery court had a hearing on the motion, which was denied. Id. at (¶ 5). In the instant case, we have no such motion or hearing taken prior to the appeal where a challenge might have been made to the Luses' marital property distribution. Therefore, Stinson is not controlling here.
¶ 15. Furthermore, to require a chancellor to make specific findings of fact and conclusions of law, according to Ferguson, either on the record or in an order in every uncontested chancery court matter in this State, when the defendant has already had the opportunity to have his day in court and has chosen not to take advantage *664 of it, is not justified. There were no specific Ferguson findings made by the chancellor and no transcription made of the matter because it was uncontested. We find no error in this regard.

3. Whether the chancery court erred in not requiring the parties to file a Uniform Chancery Court Rule 8.05 financial statement.
¶ 16. Mr. Luse asserts error regarding the fact that neither he nor Mrs. Luse filed an 8.05 financial disclosure form. He claims that this was necessary as there was no documentation in the record regarding ownership of the property at issue, nor was there any evidence justifying the chancery court's division of the property.
¶ 17. Rule 8.05 of the Uniform Chancery Court Rules requires each party in a domestic suit involving economic matters to provide a statement of each party's finances as explained by the rule. The parties must also submit their income tax returns for the preceding year and a general statement of employment history and earnings from the inception of the marriage or from the date of the divorce, depending on the type of action. The rule states that financial statements are not necessary if excused by court order for good cause shown.
¶ 18. We again note that Mr. Luse failed to defend this suit in the chancery court and is now attempting to do so on appeal, which is improper. An appellant is not entitled to raise an issue for the first time on appeal, as this precludes the trial court from addressing the alleged error. Crowe v. Smith, 603 So.2d 301, 305 (Miss. 1992) (citing Cooper v. Lawson, 264 So.2d 890, 891 (Miss.1972)). While Mr. Luse raised this issue in his Rule 60 motion for relief from judgment; again, this motion was filed after his appeal, and we cannot consider it.
¶ 19. The chancellor stated in her supplemental findings that since child support and alimony were not an issue, and Mr. Luse failed to appear, the court "waived the financial statement and disclosure in accordance with Rule 8.05." We find that no error was committed by the chancery court; therefore, this issue is without merit.
¶ 20. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] On April 2, 2007, Mr. Luse also filed with this Court a motion to stay the appeal pending the disposition of the motion for relief from final judgment in the chancery court, which was denied.