IRVING, J.,
 

 for the Court.
 

 ¶ 1. The Tate County Chancery Court granted Donald Henrichs a divorce from Anfei Henrichs on the ground of habitual cruel and inhuman treatment. The chancellor awarded custody of the parties’ minor child, Tai, to Donald and divided the marital estate. Feeling aggrieved, Anfei appeals and asserts (1) that the chancellor erred in her division of the marital property, (2) that the chancellor erred in failing to award Anfei any visitation with Tai, (3) that the chancellor erred in failing to award her alimony, and (4) that the chancellor erred in awarding custody of Tai to Donald.
 

 ¶ 2. Finding no reversible error, we affirm the chancellor’s judgment.
 

 FACTS
 

 ¶ 3. Anfei and Donald were married on April 11, 2000, in Chengdu, People’s Republic of China. One child, Tai, was born unto the marriage on December 26, 2000. The parties were living together as husband and wife in Tate County, Mississippi on September 25, 2006, when Donald filed a complaint for divorce and a motion and application for a temporary restraining order against Anfei. In the motion for the temporary restraining order, Donald alleged that Anfei was physically and verbally abusive toward him and that he feared that Anfei would “possibly kill or injure him.” On September 25, 2006, Anfei was personally served with a copy of the complaint for divorce and summons, informing her that she was required to submit her response by mail or hand delivery within thirty days of receipt of the complaint and summons. Also, on September 25, 2006, Anfei was served with a copy of the motion and application for a temporary restraining order, along with a Rule 81 summons advising her that a hearing would be held on the motion and application on October 23, 2006. Nevertheless, Anfei did not file an answer or respond to the complaint in any way.
 

 ¶4. A series of continuances ensued. The first order of continuance was entered on October 6, 2006, nunc pro tunc to September 27, 2006, continuing the motion and application for temporary restraining
 
 *1204
 
 order “for [a] hearing to be set by this [c]ourt at a later date.” Also, on October 6, 2006, the court entered an order continuing the motion for temporary relief to November 6, 2006. The record reflects that the last order of continuance was filed on January 7, 2008, continuing the cause until January 28, 2008.
 
 [1]
 
 On March 19, 2008, the chancellor granted the motion for the temporary restraining order.
 
 [2]
 
 On April 14, 2008, the chancellor granted a preliminary injunction against Anfei, finding that “the allegations [in Donald’s motion and application for temporary restraining order] depict a potential immediate dangerous situation to the welfare of [Tai] and to plaintiff/movant, Donald Walter Henrichs.”
 

 ¶ 5. On April 29, 2008, the chancellor granted Donald a divorce on the ground of habitual cruel and inhuman treatment. The divorce was granted at an ex parte hearing due to Anfei’s failure to appear. In the judgment of divorce, the chancellor stated that she applied the
 
 Ferguson
 
 factors
 
 [3]
 
 and equitably distributed the marital property. The chancellor further stated that she applied the
 
 Albright
 
 factors to determine that it was in Tai’s best interest for Donald to have primary custody.
 
 [4]
 
 The chancellor permanently enjoined Anfei from having contact with Donald:
 

 The defendant, Anfei Luo, be and is hereby permanently enjoined from having any contact, directly or indirectly, with the plaintiff, with the only exception being able to contact him periodically in a ... manner with regard to the well-being of the minor child of the parties.
 

 The defendant, Anfei Luo, be and is hereby permanently enjoined from coming on, about, or around the former marital residence located at 102 Temple Cove, Senatobia, Mississippi and from removing the parties’ minor child from the care and custody of plaintiff, Donald Walter Henrichs, and/or his agents, or from removing the minor child from the State of Mississippi.
 

 ¶ 6. On May 23, 2008, Anfei filed a motion for reconsideration of decree of divorce and requested that the chancellor make findings of fact and conclusions of law. On May 27, 2008, Anfei filed her notice of appeal.
 
 [5]
 

 ¶ 7. Additional facts, as necessary, will be discussed during the analysis and discussion of the issues.
 

 
 *1205
 
 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 8. “Our standard of review for all appeals involving domestic relations matters is limited. We will not disturb the findings of a chancellor unless the chancellor was ‘manifestly wrong, clearly erroneous, or an erroneous legal standard was applied.’ ”
 
 Lauro v. Lauro,
 
 924 So.2d 584, 587(¶ 7) (Miss.Ct.App.2006) (citing
 
 Perkins v. Perkins,
 
 787 So.2d 1256, 1260-61(¶9) (Miss.2001)). “We will not reverse the chancellor’s ‘factual findings where there is substantial evidence in the record supporting [those] findings of fact.’ ”
 
 J.P. v. S.V.B.,
 
 987 So.2d 975, 979(¶7) (Miss.2008) (quoting
 
 Floyd v. Floyd,
 
 949 So.2d 26, 28(¶ 5) (Miss.2007)).
 

 ¶ 9. Anfei argues that the chancellor erred in her ruling on the issues of property division, custody, visitation, and alimony. Specifically, Anfei argues that the chancellor failed to make findings of fact and conclusions of law under the
 
 Al-bright, Ferguson,
 
 and Armstrong
 
 [6]
 
 analy-ses. She further argues that she should have at least been awarded reasonable visitation with the parties’ minor child.
 

 ¶ 10. This Court has affirmed a chancellor’s judgment in a case factually similar to today’s case. In
 
 Luse v. Luse,
 
 992 So.2d 659, 660(¶ 1) (Miss.Ct.App.2008), John Luse failed to answer the complaint for divorce and failed to appear at the divorce hearing. No transcription was made in the matter.
 
 Id.
 
 at 662(¶ 8). In his appeal, John argued that the chancellor erred in failing to make specific findings of fact and conclusions of law.
 
 Id.
 
 at 663(¶ 11). We affirmed the judgment of the chancellor, stating:
 

 [W]e find that on the merits, [John] is correct in stating that there were no specific findings made in the chancellor’s order regarding the property distribution. However,
 
 there is a presumption that sufficient evidence was heard to sustain a decree once it has been entered. Stinson
 
 [v. Stinson], 738 So.2d [1259,] 1264-65(¶ 28) [(Miss.Ct.App. 1999)]. No evidence was presented by [John] to counter this presumption....
 

 [[Image here]]
 

 [T]o require a chancellor to make specific findings of fact and conclusions of law ... either on the record or in an order in every uncontested chancery court matter in this State, when the defendant already had the opportunity to have his day in court and had chosen not to take advantage of it, is not justified. There were no specific
 
 Ferguson
 
 findings made by the chancellor and no transcription made of the matter because it was uncontested.
 

 Id.
 
 at 663-64 (¶¶ 13-15) (emphasis added).
 

 ¶ 11. The disposition of the case before us arises out of one fact-Anfei failed to defend the case in chancery court. She is attempting to defend the case for the first time on appeal, but our supreme court has consistently held that this is improper.
 
 Williams v. Skelton,
 
 6 So.3d 428, 430(¶ 6) (Miss.2009) (citing
 
 Alexander v. Daniel,
 
 904 So.2d 172, 183(¶26) (Miss.2005)). In
 
 Williams,
 
 the Mississippi Supreme Court stated:
 

 [W]e need not consider matters raised for the first time on appeal, which practice would have the practical effect of depriving the trial court of the opportunity to first rule on the issue, so that we can then review such trial court ruling
 
 *1206
 
 under the appropriate standard of review.
 

 Id.
 

 ¶ 12. Accordingly, we find that all of Anfei’s issues are procedurally barred because they were not raised in the court below. Furthermore, we can find no justification in this record for considering An-fei’s issues under plain error as permitted by Rule 103(d) of the Mississippi Rules of Evidence.
 

 ¶ 13. THE JUDGMENT OF THE TATE COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 . We find it important to note that the complaint for divorce and the application for temporary restraining order were filed under the same cause number. Also, beginning with an order of continuance dated February 27, 2007, no specific reference was made as to what was being continued. The order simply stated that the cause was being continued. Prior to this date, each order recited that it was the hearing on the temporary matters that was being continued.
 

 [2]
 

 . We were unable to find in the record an order continuing the motion and application for temporary restraining order to March 19, 2008.
 

 [3]
 

 . In
 
 Ferguson v. Ferguson,
 
 639 So.2d 921, 928 (Miss. 1994), the Mississippi Supreme Court established a list of factors to be considered when determining the equitable distribution of marital property.
 

 [4]
 

 . In
 
 Albright v. Albright,
 
 437 So.2d 1003, 1005 (Miss.1983), the Mississippi Supreme established a list of factors relevant to a determination of the best interest of the child and child custody.
 

 [5]
 

 . The record indicates that the chancellor did not rule on Anfei’s motion for reconsideration. The failure to get a ruling on the motion, however, does not affect our jurisdiction, because the motion was filed outside of the ten-day period allowed by Rule 49 of the Mississippi Rules of Civil Procedure for seeking a modification or reconsideration of a trial judge’s ruling.
 

 [6]
 

 . In
 
 Armstrong v. Armstrong,
 
 618 So.2d 1278, 1280 (Miss. 1993), the Mississippi Supreme Court established a list of factors to be considered by chancellors when determining whether alimony is appropriate.