ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. On August 21, 2009, the Warren County Chancery Court entered a final judgment for divorce on the ground of habitual cruel and inhuman treatment ending the twenty-eight year marriage between Joey and Betty Simmons. Then, on September 30, 2009, Joey moved the chancery court to set aside the final divorce judgment. The chancery court dismissed Joey’s motion. It is from this dismissal that Joey now appeals.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On June 4, 2009, Betty filed a complaint with the chancery court seeking a divorce from Joey on the ground of habitual cruel and inhuman treatment or, in the alternative, on the ground of irreconcilable differences. In her complaint, Betty sought exclusive use and possession of the marital residence and furnishings, temporary, periodic alimony, and attorney’s fees. Joey was served with a Rule 4 summons and copy of the complaint on June 24, 2009.
 

 ¶ 3. Despite being properly served with process, Joey failed to answer or appear at the divorce hearing held on August 19, 2009. At this hearing, Betty and one witness testified as to the habitual cruel and inhuman treatment alleged in the complaint. On August 21, 2009, two days after the hearing, the chancellor entered a final
 
 *1241
 
 judgment granting Betty a divorce from Joey on the ground of habitual cruel and inhuman treatment. The chancellor also awarded Betty the marital home and furnishings plus her reasonable attorney’s fee in the amount of $650. There was not an award since the children were emancipated or alimony. Apparently Joey was not aware of the entry of divorce. The parties continued living in the family home until September 30, 2009, when Joey found out about the divorce hearing and judgment. That same day, Joey filed a motion to set aside the judgment alleging that he was entitled to notice of the hearing. The chancellor denied Joey’s motion to set aside the divorce judgment finding that Joey was not entitled to notice because he did not file an answer or enter an appearance in the proceeding. The chancellor also found that Joey did not file his motion to set aside judgment within ten days of the entry of the divorce judgment. Finally, the chancellor found that Joey’s case was not “one of extraordinary and compelling circumstances” to warrant relief under Mississippi Rule of Civil Procedure Rule 60(b)(6).
 

 ¶ 4. Feeling aggrieved, Joey raises the following issues, which we recite verbatim:
 

 1. The lower court erred in holding that appellant was required to file his motion to set aside judgment of divorce within ten days from the date of the judgment.
 

 2. The lower court erred in its application of Mississippi Rules of Civil Procedure, Rule 60(b)(1) in failing to find that the judgment was obtained by “fraud, misrepresentation, or other misconduct of an adverse party.”
 

 3. The lower court erred in its application of Mississippi Rules of Civil Procedure, Rule 60(b)(6) in failing to find from the facts presented “any other reason justifying relief from the judgment of divorce.”
 

 4. The lower court erred in its application of Mississippi Rules of Civil Procedure, Rule 55(b), (c), and (e) in failing to find that appellant had “appeared” in the cause below, as set forth in said rule requiring that appellant be given notice of the hearing.
 

 5. There is no record of the testimony in the court below; hence, no evidence exists that would support the lower court’s inequitable finding that appellee was entitled to all of the marital assets of the parties, as well as attorney’s fees.
 

 Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 5. The standard of review when reviewing a chancellor’s decision is limited.
 
 Pratt v. Pratt,
 
 977 So.2d 386, 390 (¶10) (Miss.Ct.App.2007) “Upon review of a chancellor’s opinion, when it is supported by substantial evidence and where the chancellor has not abused her discretion, was not manifestly wrong, clearly erroneous, or applied an erroneous legal standard, we will not disturb her opinion.”
 
 Id.
 
 (citing
 
 Townsend v. Townsend,
 
 859 So.2d 370, 371-72 (¶ 7) (Miss.2003)). This Court reviews questions of law de novo.
 
 Id.
 

 ANALYSIS
 

 I. TEN-DAY PERIOD
 

 ¶ 6. Joey first alleges that the chancellor erred in finding that he was required to file his motion to set aside judgment of divorce within ten days of the judgment. There is no dispute that Joey filed his motion to set aside judgment on September 30, ■ 2009, which was more than ten days after the divorce judgment was entered on August 21, 2009.
 

 
 *1242
 
 ¶ 7. Mississippi Rule of Civil Procedure Rule 52(b) allows a court, on its own motion or on a party’s motion, to amend its findings of fact and amend the judgment accordingly. Mississippi Rule of Civil Procedure Rule 59 allows a party to file a motion for a new trial or to have the judgment amended. Finally, Mississippi Rule of Civil Procedure Rule 60 allows a party to seek relief from a judgment or order. Rule 52(b) and Rule 59 both contain language that motions must be filed within ten days of the judgment being entered; however, Rule 60 does not contain this language. Rule 60(b) reads in pertinent part:
 

 (b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
 

 (1) fraud, misrepresentation, or other misconduct of an adverse party;
 

 (2) accident or mistake;
 

 (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
 

 (4) the judgment is void;
 

 (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
 

 (6) any other reason justifying relief from the judgment.
 

 The motion shall be made
 
 within a reasonable time,
 
 and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken.
 

 M.R.C.P. 60(b) (emphasis added).
 

 ¶ 8. Rule 60(b) contains no ten-day requirement. Thus, Rule 60 is the only available procedural vehicle that Joey has when attacking the judgment since he filed his motion more than ten days after the judgment was entered. The chancellor found that Joey filed his motion over ten days after the final judgment was entered, so she completed a Rule 60 analysis, not a Rule 52 or Rule 59 analysis, since that was the only one available to him.
 

 ¶ 9. We hold that the chancellor properly reviewed Joey’s case under Rule 60.
 

 II. RULE 60(b)
 

 ¶ 10. Joey’s next issue involves the application of Mississippi Rule of Civil Procedure Rule 60(b). He first alleges that the chancellor erred in failing to find Betty had committed fraud, misrepresentation, or other misconduct pursuant to Mississippi Rule of Civil Procedure 60(b)(1). He alleges, through his and his daughter’s sworn affidavits, that Betty committed acts of misconduct or fraud, more specifically by her appearing before a justice court judge and answering affirmatively when asked if they were still married even though the final judgment of divorce had already been entered. David Sessums, Betty’s attorney, disputes Joey’s version of the events that transpired at the justice court hearing. With the exception of the justice court hearing, there is no evidence in the record alleging that Betty committed fraud or misconduct such that would warrant relief under Rule 60(b)(1). Further, were Joey’s version of the justice court hearing true, there is still no ground to set aside the divorce judgment based on fraud or misrepresentation because there is no evidence that Betty obtained the divorce judgment by fraud or misconduct.
 

 
 *1243
 
 ¶ 11. Joey also alleges that he is entitled to relief pursuant Rule 60(b)(6). This section provides relief from a judgment if the claimant can “show exceptional circumstances existed that warrant a modification and/or reformation to the judgment.”
 
 Pratt,
 
 977 So.2d at 392 (¶ 17). However, relief under Rule 60(b)(6) cannot be based on one of the reasons enumerated in the first five clauses, thus Joey would have to show some other exceptional circumstance.
 
 Townsend,
 
 859 So.2d at 375 (¶ 16). The chancellor found that Joey did not show any other reason nor that his case was an exceptional circumstance warranting relief from judgment.
 

 ¶ 12. “[Mjotions for relief under Rule 60(b) are generally addressed to the sound discretion of the trial court and appellate review is limited to whether that discretion has been abused.”
 
 Stringfellow v. Stringfellow,
 
 451 So.2d 219, 221 (Miss.1984). Our review is limited to whether the chancellor abused her discretion. We can find none. This issue is without merit.
 

 III. APPEARANCE
 

 ¶ 13. The crux of Joey’s appeal is that he was entitled to three days’ notice of the divorce hearing pursuant to Mississippi Rule of Civil Procedure Rule 55. The chancellor found that Joey did not file an answer or enter an appearance in the matter and was not entitled to three days’ notice of the divorce hearing.
 

 ¶ 14. Rule 55 provides in pertinent part:
 

 (a) When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default, (b) In all cases the party entitled to a judgment by default shall apply to the court therefor. If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing of such application; however, judgment by default may be entered by the court on the day the case is set for trial without such three days’ notice.
 

 M.R.C.P. 55.
 

 ¶ 15. Frequently, it is said that a person enters an appearance sufficient to require notice when “the non-movant has manifested to the movant a clear intent to defend the suit.”
 
 Dynasteel Corp. v. Aztec Industries, Inc.,
 
 611 So.2d 977, 981 (Miss.1992). Joey asserts that although he had not filed an answer, he had retained attorney Wren Way who contacted Sessums, Betty’s attorney, regarding the divorce proceeding. In separate affidavits, Joey; Joey’s daughter, Heather; and Way allege that on July 2, 2009, Way, in the presence of Joey and Heather, contacted Sessums by phone regarding the divorce and informed him of Joey’s desire to discuss property-settlement options.
 
 [1]
 
 In his sworn affidavit, Sessums states that he has a “vague recollection of an attorney contacting [him] stating that he represented Joey K. Simmons in the above referenced matter. However, after that call, and the name of the attorney placing that call to [him] was unrecalled and unknown to [him], time passed at which point Betty C. Simmons indicated that she wanted to pro
 
 *1244
 
 ceed with her divorce hearing.”
 
 [2]
 
 Joey asserts that Way’s phone call to Sessums was sufficient to constitute an appearance under Mississippi Rule of Civil Procedure Rule 55.
 

 ¶ 16. This Court’s standard of review is limited to abuse of discretion when reviewing a chancellor’s decision. There is a factual dispute as to whether the phone call between Way and Sessums if such call in fact occurred, was a clear manifestation by way of an intent to defend the suit. As such, we defer to the chancellor’s finding of fact. We are simply unable to conclude that the chancellor abused her discretion in determining that the alleged, undocumented phone call made by Way to Ses-sums was an appearance sufficient to require three days’ advance notice of the divorce hearing.
 

 ¶ 17. This issue is without merit.
 

 IV. NO RECORD
 

 ¶ 18. Joey’s final argument is that there is no record of the divorce-proceeding testimony; thus, there is no evidence to support the chancellor’s award of all marital property and attorney’s fee to Betty.
 

 ¶ 19. In
 
 Luse v. Luse,
 
 992 So.2d 659, 661 (¶ 6) (Miss.Ct.App.2008), John Luse argued that the divorce was void because there was no record that the hearing occurred, and Mississippi Code Annotated section 93-5-17(1) (Rev.2004) required a transcribed record to be created in an uncontested divorce. Mississippi Code Annotated section 93-5-17(1) reads:
 

 The proceedings to obtain a divorce shall not be heard or considered nor a judgment of divorce entered except in open court. A chancellor may, in his discretion, hear or consider proceedings to obtain a divorce in vacation and make and enter judgments of divorce in the same manner as he may in other cases that may be heard in vacation pursuant to Section 9-5-91. Any judgment made or entered contrary to the provisions of this section shall be null and void.
 

 This Court found that there is no language in the statute that requires a transcription of an uncontested divorce hearing.
 
 Luse,
 
 992 So.2d at 662 (¶ 8). The only requirement is that there is sufficient and corroborated proof presented at the hearing.
 
 Id.
 
 Betty was required to present evidence at the divorce hearing held on August 19, 2009. She and another witness testified in open court before the chancellor. The chancellor found the evidence presented to be sufficient and entered the divorce judgment in favor of Betty on the ground of habitual cruel and inhuman treatment, and “[tjhere is a presumption that there is sufficient evidence to sustain a decree once it is entered by the chancellor.”
 
 Id.
 
 at (¶ 9)-
 

 ¶ 20. This issue is without merit.
 

 ¶ 21. THE JUDGMENT OF THE WARREN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 . In Way’s affidavit, he states that in his phone conversation with Sessums, both attorneys agreed that both parties wanted a divorce, so the sole issue discussed was the division of marital property consisting of primarily the marital home and furnishings. Way states that he asked Sessums to submit a written list of items Betty wanted.
 

 [2]
 

 . Sessums believed that the attorney calling on behalf of Joey was William Bost, Jr., and Sessums contacted Bost regarding the matter. Bost informed Sessums that he was not involved in the matter. It is after that time that Sessums could not recall the name of the attorney he had spoken with regarding the matter.