MYERS, J.,
for the Court:
¶ 1. Corey and Jean Lee were married on February 24, 1996, in Memphis, Tennessee. The couple resided in Southaven, Mississippi, at the time of their separation in August 2007. Three children were born to the marriage: Corey Jr., Sir Newton, and Barbara Victoria. At the time of the divorce, the children were from nine to thirteen years of age. Both parties worked outside of the home.
¶ 2. Corey filed the initial complaint on August 8, 2007, seeking divorce on the grounds of habitual cruel and inhuman treatment. Jean countersued for divorce on the same grounds. After his attorney withdrew from the case, Corey represented himself. He filed numerous pretrial motions but failed to appear at the divorce trial. At the hearing, the chancery court dismissed Corey’s complaint for divorce and, after a brief trial, granted Jean a divorce on her counter-complaint. The chancellor also awarded Jean custody of the children, awarded child support, and executed an equitable division of the marital property.
¶ 3. The day after the trial, Corey filed a pro-se motion to vacate the divorce judgment. In his motion, Corey stated that he had not appeared for the trial because of *339 dizziness stemming from hypertension. Arrangements for a family member to drive him to the hearing had fallen through unexpectedly, and to drive himself to the hearing, Corey needed medication that would relieve his dizziness. Corey attached a photocopy of a receipt indicating that he had paid for a prescription at a pharmacy in Memphis, Tennessee, at 8:59 a.m. on the day of the trial. Corey stated that this detour had caused him to arrive too late to participate in the hearing.[1] Corey’s pro-se motion to vacate the judgment was followed by a timely Rule 59 motion for a new trial or to alter or amend the judgment,[2] filed with the assistance of counsel.
¶ 4. The chancellor denied both of Corey’s post-trial motions, and Corey perfected this appeal. Again representing himself, Corey does not challenge the granting of the divorce itself or the chancery court’s decision to try the case in his absence; instead, he argues that the court did not make sufficient findings to support its awards of custody, child support, and equitable distribution of the marital assets. He also contends that insufficient evidence was offered to support several of the awards. We hold that Corey may not defend the case for the first time on appeal. Consequently, we affirm the chancery court’s judgment.
STANDARD OF REVIEW
¶ 5. “In domestic relations cases, [the appellate court’s] scope of review is limited by the substantial evidence/manifest error rule.” Samples v. Davis, 904 So.2d 1061, 1068-64 (¶ 9) (Miss.2004) (citing Jundoosing v. Jundoosing, 826 So.2d 85, 88 (¶ 10) (Miss.2002)). We “will not disturb the chancellor’s opinion when [it is] supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied.” Id,, at 1064 (¶ 9) (quoting Holloman v. Holloman, 691 So.2d 897, 898 (Miss.1996)). However, questions of law are reviewed de novo. Duncan v. Duncan, 774 So.2d 418, 419 (¶ 4) (Miss.2000).
DISCUSSION
¶ 6. A divorce may not be granted by default. Miss.Code Ann. § 93-5-7 (Rev. 2004). However, it may be obtained in an uncontested proceeding if the party seeking divorce establishes her right to relief by evidence in open court. See id.; M.R.C.P. 55(e). In this case, Corey did not appear for the hearing. The trial was nonetheless held in open court, and the proceedings were transcribed for the record. Following the hearing, the chancellor announced his findings and rulings from the bench. A written final decree of divorce was entered the following day.
¶ 7. On appeal, Corey attacks the chancellor’s findings and the evidence offered to support them on custody, child support, and equitable division. He also contends that the chancellor erred in ordering him to pay for the private schooling of one of the children and that the chancellor placed unreasonable limitations on his visitation with the children.[3] As we said, Corey did *340 not appear at the trial to contest the evidence offered by his wife. It also appears that he did not present any of these issues to the chancery court before taking this appeal.
¶ 8. A party may not defend a case for the first time on appeal. Luse v. Luse, 992 So.2d 659, 663 (¶ 12) (Miss.Ct. App.2008). In Luse, John Luse failed to answer his wife’s complaint for divorce, and he did not appear for the divorce trial. On appeal, he argued that the chancellor had erred in effecting the equitable division of the marital property without making findings of fact on the familiar Ferguson factors. See Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994). This Court held: “The disposition of this issue relates to Mr. Luse’s complete failure to defend the suit. As such, Mr. Luse cannot now complain of matters he failed to defend in the chancery court.” Luse, 992 So.2d at 663 (¶ 12). Like Luse, Corey complains of errors that stem from his failure to appear at trial. His attempt to defend the case for the first time on appeal is improper, and the issues he raises are procedurally barred. Id.
¶ 9. A divorce judgment entered after an uncontested hearing is “a special kind of default judgment.” Mayoza v. Mayoza, 526 So.2d 547, 548 (Miss.1988). To obtain relief, Corey should have placed his issues before the chancery court in a post-trial motion under Rules 52, 59, or 60 of the Mississippi Rules of Civil Procedure. See id. at 548-49. If he had, and the chancery court denied relief, this Court could consider the claims. However, our review would be limited to determining whether the chancellor abused his discretion in ruling on the post-trial motions. See id. at 548^9.
¶ 10. While Corey did timely file two post-trial motions, he did not raise the same issues he now seeks to advance on appeal. Corey’s initial pro-se motion to vacate the judgment offered only an explanation for his failure to appear and a request that the court vacate the divorce judgment. It was followed by a Rule 59 motion, filed with the assistance of counsel, that proffered evidence to contest the chancellor’s awards of child support and equitable division. With a few exceptions, neither of these motions attacked the evidence presented at the trial or the chancellor’s findings of fact,[4] as Corey now seeks to do on appeal. “An appellant is not entitled to raise an issue for the first time on appeal, as this precludes the trial court from addressing the alleged error.” Luse, 992 So.2d at 664 (¶ 18). Corey has not attempted to show that his post-trial motions should have been granted, and on appeal he appears to have abandoned the contentions made there. The record reveals no basis for this Court to conclude the chancellor abused his discretion in denying Corey’s post-trial motions.
¶ 11. We find that the issues Corey has raised on appeal are procedurally barred and that there is no justification for considering them under the plain error doc *341 trine. See M.R.E. 103(d). We therefore affirm the chancery court’s judgment.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.

.The hearing had been scheduled for 9:00 a.m. At the post-trial hearing on the motion, the chancellor observed that Corey had entered the courtroom after the hearing had concluded and as the judgment was being announced from the bench. Corey apparently made no effort before the hearing to inform the court he would be unable to attend on time.

. M.R.C.P. 59.

. Jean testified that Corey had exposed the children to his extramarital affairs after the separation. On her request, the chancellor *340 ordered that neither parent would "have anyone with whom they are romantically/intimately involved overnight in the presence of the children” or "have the minor children in an unwholesome environment.”

. Corey's Rule 59 motion did argue that the child support award was against the overwhelming weight of the evidence because the chancellor accepted Jean's testimony that Corey's income was greater than he had stated on recent tax returns. The motion also contended that the child support award was improper because the chancellor had not made a written finding that application of the child support guidelines was reasonable, given that Corey's adjusted gross yearly income was found to be well over $50,000. However, Corey has abandoned these arguments on appeal.