ON WRIT OF CERTIORARI

DICKINSON, Presiding Justice,
for the Court:
¶ 1. After Corey Lee failed to appear at his divorce hearing, the chancellor granted his wife’s complaint for divorce and divided the marital property. On appeal, Corey argued, among other things, that the chancellor erred by not making the findings of fact and conclusions of law required by Ferguson v. Ferguson.[1] The Court of Appeals affirmed, finding that Corey’s claim was proeedurally barred for failure to raise the issue before the chancellor. But because Corey did raise the issue below, and because the chancellor’s failure to make findings of fact and conclusions of law under Ferguson was manifest error,[2] we reverse and remand.
FACTUAL AND PROCEDURAL BACKGROUND
¶ 2. In the fall of 2007, Corey Lee filed for divorce on the grounds of habitual *328 cruel and inhuman treatment. His wife, Jean Lee, countersued on the same ground. After Corey’s attorney withdrew, Corey represented himself and actively pursued his claim.
¶3. On the day of trial, Corey arrived late and walked into the courtroom as the chancellor was giving his ruling from the bench. The chancellor dismissed Corey’s complaint and granted Jean a divorce. The chancellor divided the marital property and awarded Jean custody and child support.
¶4. Corey then hired an attorney and filed a motion to vacate the judgment, claiming dizziness from hypertension caused him to miss the trial. Corey also filed a Rule 59 motion for a new trial or to alter or amend the judgment. In that motion, Corey challenged the sufficiency of the evidence supporting the awards of custody and child support, and he claimed the chancellor’s equitable distribution of marital assets was error. After a hearing, the chancellor denied Corey’s motions, and Corey appealed pro se.
¶ 5. The Court of Appeals found that, because Corey never raised the property division issue before the chancellor, he was proeedurally barred from arguing it for the first time on appeal. We granted cer-tiorari and now reverse and remand for a new hearing.
ANALYSIS
¶ 6. Corey raises two issues on appeal: (1) whether he properly raised the equitable-division-of-property issue in the trial court; and (2) whether the chancellor erred in failing to make the findings of fact and conclusions of law required by Ferguson.

1. Corey properly brought the equitable-division-of-property issue before the trial court.

¶ 7. A divorce judgment entered when a party fails to appear is “a special kind of default judgment.”[3] And to obtain relief from such judgments, absent parties are required to raise the issues in post-trial motions under Rules 52, 59, or 60 of the Mississippi Rules of Civil Procedure.[4] Although Corey filed a Rule 59 motion, the Court of Appeals held that the motion did not address the equitable-distribution issue; and, therefore, the issue was proee-durally barred.
¶ 8. In its holding, the Court of Appeals relied on Luse v. Luse,[5] in which, John Luse neither answered his wife’s complaint for divorce nor appeared at the divorce hearing.[6] The chancellor granted John’s wife a divorce and awarded her ownership of marital property.[7] John never filed a timely post-trial motion challenging the property division, so he first raised the issue on appeal,[8] and the Court of Appeals properly held that John’s claim was proee-durally barred.
¶ 9. But unlike John Luse, Corey Lee raised the issue before the chancellor. In his Rule 59 motion, Corey argued that the division of martial property was inequitable. At the hearing on the motion, Corey’s attorney specifically argued that the chancellor had failed to make findings of fact and conclusions of law, as required by Ferguson. Therefore, Corey is not proce *329 durally barred from raising this issue on appeal.
2. Whether the chancellor erred in failing to make findings of fact and conclusions of law under Ferguson.
¶ 10. In Ferguson, we established guidelines chancellors must follow when dividing marital property.[9] We also directed chancellors to make findings of fact and conclusions of law regarding the application of those guidelines.[10] While chancellors need not make “findings as to each and every factor set forth in Ferguson,”[11] they cannot simply “mention the guidelines” and state they are “following them and applying them to the facts of the case.”[12] The failure to make findings of fact and conclusions of law is “manifest error requiring reversal and remand.”[13]
¶ 11. Here, the chancellor referred to Ferguson by case name in his ruling from the bench, but he never applied the factors, nor did he make findings of fact and conclusions of law. In the chancellor’s final decree of divorce, he made no mention of Ferguson or its guidelines.
¶ 12. In Luse v. Luse, the Court of Appeals stated — without citing any authority — that:
to require a chancellor to make specific findings of fact and conclusions of law, according to Ferguson, either on the record or in an order in every uncontested chancery court matter in this State, when the defendant has already had the opportunity to have his day in court and has not chosen to take advantage of it, is not justified.[14]
Without addressing the merits of that statement, we simply note that this is not an “uncontested chancery court matter,” and we agree with Judge Southwick’s opinion in Stinson v. Stinson, in which the Court of Appeals correctly held that a chancellor must “make certain that the obligation to explain the rulings [is] as rigorously followed in a default situation as in a normal evidentiary contest between the parties.”[15]
¶ 13. By failing to appear at the hearing, Corey forfeited his right to present evidence and prosecute his divorce complaint. But he did not forfeit the right to challenge the sufficiency of the evidence or the judgment. And whether absent or present at the trial, the appropriate time to challenge a judgment is after it has been entered. Corey did so in his Rule 59 motion and at the hearing following it. The fact that Corey failed to attend the divorce trial does not relieve the chancellor of his duty to base his decision on the evidence, regardless of by whom presented, nor did it nullify this Court’s mandate in Ferguson.
CONCLUSION
¶ 14. By dividing marital property without following this Court’s mandate in Fer *330 guson, the chancellor committed reversible error. Corey properly raised this issue, and we therefore reverse the decisions of the Court of Appeals and the Chancery Court of DeSoto County and remand with instructions to the chancellor to proceed in accord with this opinion.
¶ 15. REVERSED AND REMANDED.
WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. KING, J., NOT PARTICIPATING.

. Ferguson v. Ferguson, 639 So.2d 921, 929 (Miss.1994).

. Sandlin v. Sandlin, 699 So.2d 1198, 1204 (Miss.1997).

. Mayoza v. Mayoza, 526 So.2d 547, 548 (Miss.1988).

. Id. at 548-49.

. Luse v. Luse, 992 So.2d 659 (Miss.Ct.App. 2008).

. Id. at 660.

. Id.

.Id. at 663.

. Ferguson, 639 So.2d at 928-29 ("[TJhis Court directs the chancery courts to evaluate the division of marital assets by the following guidelines and to support their decisions with findings of fact and conclusions of law for purposes of appellate review....”).

. Id. at 928.

. Weathersby v. Weathersby, 693 So.2d 1348, 1354 (Miss.1997).

. Sandlin v. Sandlin, 699 So.2d 1198, 1204 (Miss.1997); e.g., Fisher v. Fisher, 771 So.2d 364, 368 (Miss.2000); Heigle v. Heigle, 771 So.2d 341, 347-48 (Miss.2000).

. Sandlin, 699 So.2d at 1204.

. Luse, 992 So.2d at 663-64.

. Stinson v. Stinson, 738 So.2d 1259, 1264 (Miss.Ct.App.1999).