CARLTON, J.,
concurring in part and dissenting in part:
¶ 30. I respectfully concur in part and dissent in part, as I would affirm the chancellor’s judgment in its entirety in this case. In examining Sheri’s argument that the chancellor failed to make specific findings of fact regarding the division of property pursuant to each factor listed in Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994), I recognize that our supreme court has clarified that “not every case requires consideration of all eight of the [Ferguson] factors.” Owen v. Owen, 798 So.2d 394, 399 (¶ 13) (Miss.2001). Rather, the chancellor “may consider only those factors he finds ‘applicable’ to the property in question.” Id. (quoting Carrow v. Carrow, 741 So.2d 200, 202 (¶ 10) (Miss.1999)); see also Lee v. Lee, 78 So.3d 326, 329 (¶ 10) (Miss.2012)(“[C]hancellors need not make ‘findings as to each and every factor set forth in Ferguson,’ [but] they cannot simply ‘mention the guidelines’ and state they are ‘following them and applying them to the facts of the case.” ’ (citations omitted)); Seghini v. Seghini, 42 So.3d 635, 641 (¶ 21) (Miss.Ct.App.2010) (“[T]his Court has held that failure to make an explicit factor-by-factor [.Ferguson ] analysis does not necessarily require reversal where we are satisfied that the chancellor considered the relevant facts.”).
¶ 31. I find that the record reflects that the chancellor indeed referred to the Fer *189 guson factors when making his determination regarding the division of property. Additionally, the record supports the chancellor’s division of the property with substantial credible evidence, and I submit that remand is therefore judicially inefficient.