# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-02119-COA

WANDA KAYE CHIPLEY                                                    APPELLANT

v.

KENNETH RAY CHIPLEY                                                    APPELLEE

DATE OF JUDGMENT:             02/14/2013
TRIAL JUDGE:                  HON. RAY HILLMAN MONTGOMERY
COURT FROM WHICH APPEALED:    SCOTT COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:       P. SHAWN HARRIS
ATTORNEY FOR APPELLEE:        WILLIAM CHARLES BELL
NATURE OF THE CASE:           CIVIL - DOMESTIC RELATIONS
TRIAL COURT DISPOSITION:      DIVIDED MARITAL PROPERTY
DISPOSITION:                  REVERSED AND REMANDED - 08/11/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., ISHEE AND MAXWELL, JJ.

### MAXWELL, J., FOR THE COURT:

¶1.     In Mississippi, chancellors *must* consider the *Ferguson*[1] factors in dividing marital assets and *must* make factual findings and conclusions of law on these factors. The failure to do so is manifest error, requiring reversal. Here, it is not apparent the chancellor considered the required factors or made factual findings and conclusions of law when dividing assets in Wanda and Kenneth Chipley's divorce case. So we must reverse the chancellor's division of assets. We remand solely on the property division issue.

### Facts, Procedural History, and Timeliness Issues

---

[1] *Ferguson v. Ferguson*, 639 So. 2d 921, 928 (Miss. 1994).

¶2. Because Kenneth raises issues of timeliness, we first consider if Wanda filed her appeal too late.[2]

¶3. On January 25, 2011, a final judgment of divorce was entered, granting Wanda a divorce based on Kenneth's habitual cruelty. The judgment directed the attorneys "to provide to the [c]ourt within ten (10) days of this [o]rder their *Ferguson* analysis of the equitable distribution of property." The case sat idle for over two years until the Mississippi Supreme Court ordered the chancellor to rule on the property division, which he did on February 15, 2013. Afterwards, Wanda filed a "motion for reconsideration or retrial." Her motion was filed on February 26, 2013—one day too late to be treated as a motion under Rule 59(e) of the Mississippi Rules of Civil Procedure.[3] Wanda's motion read, in part:

> [T]he [c]ourt took [under advisement] the equitable division of marital property [and] all other issues, which would include attorney's fees.
>
> [T]he [c]ourt . . . required both parties submit findings of fact and conclusions of law to the [c]ourt for the [c]ourt to make a decision[.] The parties did submit those findings within the time required by the [c]ourt.
>
> The [c]ourt[,] however[,] did not make a ruling on this for two (2) years until

---

[2] A "notice of appeal . . . shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." M.R.A.P. 4(a).

[3] "A motion to reconsider filed within ten days of the entry of the judgment falls under Rule 59 and tolls the thirty-day time period to file a notice of appeal until the disposition of the motion." *Davis v. Vance*, 138 So. 3d 961, 964 (¶11) (Miss. Ct. App. 2014) (quoting *Woods v. Victory Mktg., LLC*, 111 So. 3d 1234, 1236 (¶¶6-8) (Miss. Ct. App. 2013)). "But a motion to reconsider filed more than ten days after the entry of the judgment falls under Rule 60(b)" of the Mississippi Rules of Civil Procedure. *Id*. And because "a Rule 60(b) motion does not toll the thirty-day time period to file a notice of appeal," we are limited to reviewing whether the Rule 60(b) motion was properly denied. *Id*.

[Kenneth] sent a notation to the [s]upreme [c]ourt. The very next day[,] the chancellor signed an order prepared by [Kenneth] regarding this divorce[,] which obviously heavily favored [Kenneth] and did not take into any consideration the attorney's fees of [Wanda] or any other information.

That [Wanda] request[s] the [c]ourt reconsider this matter and would grant [Wanda] reconsideration or retrial regarding the division [of] martial property[.]

¶4. The chancellor entered an order denying the motion for reconsideration on September 5, 2013. This order stated only that "the [m]otion for [r]econsideration or [r]etrial filed by [Wanda] is hereby denied." The order was a blanket denial of all relief Wanda requested, but did not mention her request for attorney's fees. Wanda had thirty days to file a notice of appeal—the deadline was October 5, 2013. Since she did not file her notice of appeal until December 17, 2013, her appeal would normally be untimely.

¶5. But on October 3, 20013, two days before her deadline to appeal, Wanda filed a motion for a Rule 54(b) certification.[4] She claimed the chancellor never ruled on her request for attorney's fees.[5] And the chancellor explicitly agreed he had neglected to do so. On November 18, 2013, the chancellor entered what he titled a "Rule 54(b) certification order." In it, the chancellor explained "the [c]ourt had previously not addressed the issue of attorney[']s fees as raised by [Wanda] in the original hearing in January 2011[6] and the

---

[4] M.R.C.P. 54(b).

[5] At the hearing on Wanda's Rule 54(b) motion, there was testimony that she incurred $5,437.50 in attorney's fees.

[6] It was undisputed that the chancellor had not decided the issue of attorney's fees in January 2011. But it appears that the chancellor never reviewed his last order dated

[c]ourt hereby finds that the prayer for attorney[']s fees was not well taken and she is not granted any attorney[']s fees." The chancellor then declared the February 15, 2013 order was a final judgment under Rule 54(b).[7] Since the chancellor deemed the judgment final on November 18, 2013, Wanda had until December 18, 2013, to appeal. She filed her notice of appeal on December 17, 2013, so her appeal was timely. We thus address the merits of Wanda's argument that remand is required for a new *Ferguson* analysis since the chancellor failed to make factual findings or conclusions of law.

## Discussion

¶6.     In *Ferguson*, our supreme court established guidelines chancellors must follow when dividing marital property. *Ferguson*, 639 So. 2d at 928. "In applying the *Ferguson* factors, chancellors *must* support their decisions with findings of fact and conclusions of law." *Dickerson v. Dickerson*, 34 So. 3d 637, 644 (¶24) (Miss. Ct. App. 2010) (emphasis added); *see also Goellner v. Goellner*, 11 So. 3d 1251, 1263 (¶44) (Miss. Ct. App. 2009) (emphasizing that chancellors must support their *Ferguson* decisions with findings of fact and conclusions of law for appellate-review purposes). In doing so, chancellors need not make findings on each and every *Ferguson* factor. *Weathersby v. Weathersby*, 693 So. 2d 1348, 1354 (Miss. 1997). But "they cannot simply 'mention the guidelines' and state they

---

September 5, 2013, which denied all relief Wanda requested in her motion for reconsideration—including her request for attorney's fees.

    [7] Because all issues were then resolved, there was no need to label the order a Rule 54(b) certification.

4

are 'following them and applying them to the facts of the case.'" *Lee v. Lee*, 78 So. 3d 326, 329 (¶10) (Miss. 2012) (quoting *Sandlin v. Sandlin*, 699 So. 2d 1198, 1204 (Miss. 1997)). "The failure to make findings of fact and conclusions of law is 'manifest error requiring reversal and remand.'" *Id*. (quoting *Sandlin*, 699 So. 2d at 1204); *see also Reed v. Reed*, 141 So. 3d 450, 455 (¶18) (Miss. Ct. App. 2014) (remand was required where appellant raised the issue of inequity in his post-trial motion and the chancellor failed to support his findings with any analysis, discussion, or mention of the *Ferguson* factors or the evidence before him).

¶7.    Here, the order dividing assets was entered two years after the divorce was granted. And while the order does state the assets were being divided "based upon the *Ferguson* analysis," there is no record evidence any factors were ever considered. Without these required findings and conclusions of law, we are unable to review the chancellor's property division. Thus, we must reverse the chancellor's judgment and remand the case for the chancellor[8] to conduct a new trial on the property division only. On remand, the new chancellor shall conduct a new *Ferguson* analysis, including factual findings and conclusions of law.[9]

---

[8] Special Chancellor Ray Hillman Montgomery died in December 2014 while this appeal was pending. In *Reed*, after the chancellor passed away, we remanded the case for a new trial on the property division only. *Reed*, 141 So. 3d at 455 (¶18). This approach ensured the new chancellor a firsthand account of all relevant facts and evidence. *Id.*

[9] While Wanda raises other issues about the property division, those issues are moot since we are reversing and remanding for a new trial on the property division. And though Wanda claims the "[c]ourt erred in failing to make any ruling regarding attorneys fee[']s

**¶8.    THE JUDGMENT OF THE SCOTT COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.   ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.    IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.  LEE, C.J., NOT PARTICIPATING.**

---

requested by Wanda"—the record shows Wanda's request for attorney's fees was denied.