# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01513-COA

**JANICE LODEN SULLIVAN**                                                          **APPELLANT**

**v.**

**JAMES WAYNE SULLIVAN**                                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/31/2015 |
| TRIAL JUDGE: | HON. JACQUELINE ESTES MASK |
| COURT FROM WHICH APPEALED: | LEE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL LEE DULANEY |
| ATTORNEYS FOR APPELLEE: | JASON D. HERRING |
| | MICHAEL SPENCER CHAPMAN |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| TRIAL COURT DISPOSITION: | GRANTED DIVORCE AND DIVIDED ASSETS |
| DISPOSITION: | REVERSED AND REMANDED - 03/21/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this appeal, the primary issue is whether the chancellor failed to make specific findings of facts and conclusions of law as required by *Ferguson*.[1]  Because the chancellor failed to do so, we reverse and remand.

## PROCEDURAL HISTORY

¶2.     Janice Loden Sullivan filed a complaint for divorce on March 8, 2014, in the Lee County Chancery Court against her husband, James Wayne Sullivan.  Ultimately, the parties

---

[1] *Ferguson v. Ferguson*, 639 So. 2d 921, 928 (Miss. 1994).

consented to an irreconcilable-differences divorce and submitted the issues of equitable distribution, alimony, and attorney's fees to the chancellor. The chancellor executed a judgment of divorce on August 31, 2015, which was filed with the chancery clerk on September 3, 2015. The chancellor granted the divorce and divided the marital assets. The chancellor also awarded Janice $1,360 per month from Wayne's retirement account "for up to twelve years effective September 1, 2015."

¶3. Janice now appeals, raising several issues which we have condensed as follows: (1) the chancellor did not make specific findings pursuant to *Ferguson*, and (2) the chancellor failed to make specific findings regarding the alimony award.

## FACTS

¶4. Janice and Wayne were married in 1998 and separated in 2014. At the time of the parties' marriage, Wayne was a dean at Itawamba Community College, earning approximately $80,000 per year. By the time he retired in 2010, his salary was approximately $150,000 per year. Wayne drew $8,208.22 per month in state retirement. After retirement, Wayne continued to do contract work, earning approximately $6,900 per month. During trial, which was held in July 2015, Wayne testified that he anticipated retiring from his contract position in June 2016 and that the retirement account associated with this position totaled $67,767.

¶5. Janice was a registered nurse but quit working in 2012 due to health issues. Janice received $1,333 per month from a trust established by her deceased mother. There was testimony that Janice's father had regularly been giving Janice as much as $29,000 a year,

2

sometimes in monthly installments.

¶6.     The couple bought their current marital home, located in Tupelo, Mississippi, in 2010, for $166,000. They purchased the home outright using $130,000 from Janice's father and the remainder from Wayne. The home was appraised at $220,000. The couple also had a savings account containing approximately $341,329.

## STANDARD OF REVIEW

¶7.     We afford chancellors much discretion in our review of domestic-relations cases. *Steiner v. Steiner*, 788 So. 2d 771, 777 (¶18) (Miss. 2001). This Court will not disturb a chancellor's findings unless they are manifestly wrong or clearly erroneous, or the chancellor applied an erroneous legal standard. *Mizell v. Mizell*, 708 So. 2d 55, 59 (¶13) (Miss. 1998).

## DISCUSSION

### I.     Application of *Ferguson*

¶8.     According to both Janice's and Wayne's briefs, the chancellor made an oral ruling via telephone. The record does not indicate when this occurred, and a court reporter was not present. As a result, this oral ruling was not included in the record on appeal. The chancellor's judgment of divorce does not reference this oral ruling. The judgment simply awarded the marital home to Janice, divided the savings account, divided the marital assets, and awarded Janice $1,360 per month from Wayne's state retirement "for up to twelve years effective September 1, 2015." The chancellor never referred to *Ferguson* or its guidelines.

¶9.     In *Lee v. Lee*, 78 So. 3d 326, 329 (¶11) (Miss. 2012), the chancellor mentioned *Ferguson* in his ruling from the bench, but he did not apply the factors or make factual

3

findings and conclusions of law. Also, in the final divorce decree, the chancellor failed to mention *Ferguson* or apply its guidelines. *Id*. The Mississippi Supreme Court found this was reversible error and remanded for the chancellor to make specific findings regarding *Ferguson*. *Id.* at 329-30 (¶14).

¶10. As previously stated, the chancellor here did not mention *Ferguson* or its guidelines in her judgment. And neither party contends that she applied the factors during her oral ruling. We note that "failure to make an explicit factor-by-factor analysis does not necessarily require reversal where we are satisfied the chancellor considered the relevant facts." *Seghini v. Seghini*, 42 So. 3d 635, 641 (¶21) (Miss. Ct. App. 2010) (citation omitted). However, the record here simply does not show that the chancellor adequately considered or applied the factors. Thus, we must reverse and remand for a proper application of the *Ferguson* factors.

**II. Alimony**

¶11. Janice also argues that the judgment is unclear as to whether the award of $1,360 per month from Wayne's state retirement is alimony. Wayne contends the amount is not alimony, but an equitable division of the marital assets.

¶12. If the award was in fact alimony, the chancellor failed to make specific findings as required under *Armstrong v. Armstrong*, 618 So. 2d 1278, 1280 (Miss. 1993). "Failure to make an on-the-record *Armstrong* analysis is manifest error." *Lowrey v. Lowrey*, 25 So. 3d 274, 280 (¶7) (Miss. 2013). If the award was in fact part of the equitable distribution under *Ferguson*, the chancellor's specific findings on remand should resolve any confusion.

4

¶13. **THE JUDGMENT OF THE LEE COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**