# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01513-COA

**JANICE LODEN SULLIVAN** APPELLANT

**v.**

**JAMES WAYNE SULLIVAN** APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/31/2015 |
| TRIAL JUDGE: | HON. JACQUELINE ESTES MASK |
| COURT FROM WHICH APPEALED: | LEE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL LEE DULANEY |
| ATTORNEYS FOR APPELLEE: | JASON D. HERRING |
| | MICHAEL SPENCER CHAPMAN |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND REMANDED - 03/21/2017 |
| MOTION FOR REHEARING FILED: | 04/03/2017: DENIED; REVERSED AND REMANDED: 11/07/2017 |
| MANDATE ISSUED: | |

**EN BANC.**

**LEE, C.J., FOR THE COURT:**

## MODIFIED OPINION ON MOTION FOR REHEARING

¶1.     The appellee's motion for rehearing is denied. The previous opinion of this Court is withdrawn, and this opinion is substituted in its place.

¶2.     In this appeal, the primary issue is whether the chancellor failed to make specific findings of facts and conclusions of law as required by *Ferguson*.[1]  Because the chancellor failed to do so, we reverse and remand.

## PROCEDURAL HISTORY

---

[1] *Ferguson v. Ferguson*, 639 So. 2d 921, 928 (Miss. 1994).

¶3. Janice Loden Sullivan filed a complaint for divorce on March 8, 2014, in the Lee County Chancery Court against her husband, James Wayne Sullivan (Wayne). Ultimately, the parties consented to an irreconcilable-differences divorce and submitted the issues of equitable distribution, alimony, and attorney's fees to the chancellor. The chancellor executed a judgment of divorce on August 31, 2015, which was filed with the chancery clerk on September 3, 2015. The chancellor granted the divorce and divided the marital assets. The chancellor also awarded Janice $1,360 per month from Wayne's retirement account "for up to twelve years effective September 1, 2015."

¶4. Janice now appeals, raising several issues, which we have condensed as follows: (1) the chancellor did not make specific findings pursuant to *Ferguson*, and (2) the chancellor failed to make specific findings regarding the alimony award.

## FACTS

¶5. Janice and Wayne were married in 1998 and separated in 2014. At the time of the parties' marriage, Wayne was a dean at Itawamba Community College, earning approximately $80,000 per year. By the time he retired in 2010, his salary was approximately $150,000 per year. Wayne drew $8,208.22 per month in state retirement. After retirement, Wayne continued to do contract work, earning approximately $6,900 per month. During trial, which was held in July 2015, Wayne testified that he anticipated retiring from his contract position in June 2016 and that the retirement account associated with this position totaled $67,767.

¶6. Janice was a registered nurse but quit working in 2012 due to health issues. Janice

2

received $1,333 per month from a trust established by her deceased mother. There was testimony that Janice's father had regularly been giving Janice as much as $29,000 a year, sometimes in monthly installments.

¶7. The couple bought their current marital home, located in Tupelo, Mississippi, in 2010, for $166,000. They purchased the home outright using $130,000 from Janice's father and the remainder from Wayne. The home was appraised at $220,000. The couple also had a savings account containing approximately $341,329.

## STANDARD OF REVIEW

¶8. We afford chancellors much discretion in our review of domestic-relations cases. *Steiner v. Steiner*, 788 So. 2d 771, 777 (¶18) (Miss. 2001). This Court will not disturb a chancellor's findings unless they are manifestly wrong or clearly erroneous, or the chancellor applied an erroneous legal standard. *Mizell v. Mizell*, 708 So. 2d 55, 59 (¶13) (Miss. 1998).

## DISCUSSION

### I. Application of *Ferguson*

¶9. Janice's and Wayne's briefs both state the chancellor made an oral ruling in this case, but a transcript was not included in the designated record. The chancellor's written judgment does not reference the oral ruling, nor does it even refer to the *Ferguson* factors. And it is unclear as to whether portions of the chancellor's judgment were made as equitable distribution or alimony. The chancellor's written judgment simply awarded the marital home to Janice, divided the savings account, divided the marital assets, and awarded Janice $1,360 per month from Wayne's state retirement "for up to twelve years effective September 1,

3

2015." Wayne attached to his motion for rehearing what appears to be a transcript of the chancellor's oral ruling. Wayne faults Janice for failing to include this document in the designated record; however, Wayne did not move to supplement the record. While motions to supplement the record are not freely given, this Court has granted them when it is necessary for a full, and fair, hearing on an issue, and appellees as well as appellants may make such motions. *See, e.g., McClendon v. State*, 748 So. 2d 814, 818 (¶18) (Miss. Ct. App. 1999). However, even if the apparent transcript had been made part of the record, it would not have altered our disposition of this appeal.

¶10.   In *Lee v. Lee*, 78 So. 3d 326, 329 (¶11) (Miss. 2012), the chancellor mentioned *Ferguson* in his ruling from the bench, but he did not apply the factors or make factual findings and conclusions of law. Also, in the final divorce decree, the chancellor failed to mention *Ferguson* or apply its guidelines. *Id*. The Mississippi Supreme Court found this was reversible error and remanded for the chancellor to make specific findings regarding *Ferguson*. *Id.* at 329-30 (¶14). Even if the transcript of the oral ruling had been made part of the record, the posture of this case would have been identical to that found in *Lee*. *Id*. Thus, the record requires the judgment be reversed and remanded. Perhaps interestingly, in the transcript the chancellor stated she "reserves making specific findings of fact and conclusions of law if the case is appealed." We do not imply in any way that the chancellor did not thoughtfully consider the merits in this case. Rather, it appears that even if the transcript had been made part of the record, the record may still have been insufficient to reflect both what occurred in the chancery court, and why the chancellor made the rulings as

4

she did.

¶11.   The "failure to make an explicit factor-by-factor analysis does not necessarily require reversal where we are satisfied the chancellor considered the relevant facts." *Seghini v. Seghini*, 42 So. 3d 635, 641 (¶21) (Miss. Ct. App. 2010) (citation omitted).  However, the record here simply does not show that the chancellor adequately considered or applied the factors.  Thus, we must reverse and remand for a proper application of the *Ferguson* factors.

## II.     Alimony

¶12.   Janice also argues that the judgment is unclear as to whether the award of $1,360 per month from Wayne's state retirement is alimony.  Wayne contends the amount is not alimony, but an equitable division of the marital assets.  The chancellor's aforementioned oral ruling appears to show the award to Janice of part of Wayne's state retirement was intended to be part of equitable distribution.  However, absent specific findings of fact, we are unable to give even discretionary review as to whether the chancellor fully considered the division of assets and whether the award of state retirement was sufficient to allow Janice to support herself, especially considering Janice was not employed at the time of the divorce, and apparently her nursing license had expired.  And it may be that the family tragedy about which Janice testified, as well as Janice's physical health, would prevent her from being able to return to the workforce.  Although Janice had a trust fund that was not subject to equitable distribution, and apparently her father had given Janice additional money in the past, testimony was conflicting on precisely how much income Janice derived from her parents.  A *Ferguson*-factor analysis would allow appellate review.

5

¶13. Furthermore, if the award was in fact alimony, the chancellor failed to make specific findings as required under *Armstrong v. Armstrong*, 618 So. 2d 1278, 1280 (Miss. 1993). "Failure to make an on-the-record *Armstrong* analysis is manifest error." *Lowrey v. Lowrey*, 25 So. 3d 274, 280 (¶7) (Miss. 2013).

¶14. Upon remand, the chancellor may consider the record, and other documentation that was not designated, to make the specific findings of fact and conclusions of law that she referenced in her oral ruling. Or the chancellor may deem it necessary to require further proceedings. The judgment of the chancery court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

¶15. **REVERSED AND REMANDED**.

**IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. TINDELL, J., NOT PARTICIPATING.**