741 So.2d 299 (1999)
Kenneth Leroy BLACK, Appellant,
v.
Nancy Chandler BLACK, Appellee.
No. 98-CA-00321-COA.
Court of Appeals of Mississippi.
April 6, 1999.
Helen J. McDade, De Kalk, Attorney for Appellant.
William B. Jacob, Joseph A. Kieronski, Jr., Daniel P. Self, Jr., Merodoan, Attorneys for Appellee.
*300 BEFORE THOMAS, P.J., LEE, AND SOUTHWICK, JJ.
LEE, J., for the Court:
¶ 1. This appeal arises from a consent to divorce executed on September 15, 1997 by Kenneth Leroy Black ("Ken") and Nancy Chandler Black ("Nancy"), on the ground of irreconcilable differences. The chancellor rendered a judgment on February 9, 1998, which included the equitable division of marital property, and awarded fifty percent of Ken's military retirement benefits to Nancy. Fifty percent of these retirement benefits were valued at approximately $1,200 per month. The proper distribution of these benefits is the sole issue in this appeal.

FACTS
¶ 2. The litigants were married in 1968 in the state of Washington and were separated in 1996 in Meridian, Mississippi, having been married twenty-eight years. During the course of their marriage, Ken had served in the United States Navy for twenty-three years. Some of his military service was accomplished on land and others at sea while on various cruises. During their marriage the parties had three children. Nancy, being the primary caretaker of the children while Ken attended to military duties, generally did not work outside the home. However, from time to time she worked as a waitress and kept children to supplement income. She had a ninth grade education.
¶ 3. The two older children were married at the time of the divorce. Custody of the youngest child, a sixteen year old daughter, was awarded to Ken. Approximately one year prior to their separation, Ken bought a coffee shop in a Meridian mall called the Mall Stop. Nancy ran the business most of the time while Ken was still in the military. Ken, however, handled the financial aspects of the business. Ken retired from the military effective December 1997. The mall was being renovated at the time of the trial, but the Mall Stop was to reopen upon completion of the renovation. The amount of income from the Mall Stop was in dispute at the trial, whereas Nancy claimed that Ken under-reported income by $90,000, and Ken claimed that he was in the red by $12,000. The lower court retained jurisdiction of the 1996 and 1997 Mall Stop income and profit question for three years, pending an audit by a taxing entity, rather than rely on Nancy's data to evaluate the profits, in order to determine her share of that income. The Mall Stop, however, was awarded to Ken. Because the business was in a state of flux, the court declined to award alimony. Nancy, however, was ordered to pay monthly child support payments to Ken of $175 per month. The chancellor distributed assets to Ken as follows: three vehicles valued at $16,145 with an outstanding debt of $13,000; furniture valued at $10,500; tax refund and savings of $3,838; $46,000 mobile home with $42,000 debt; credit cards and debt; 50% of retirement benefits. Nancy's distribution included: 1 vehicle worth $2,500; furniture valued at $4,000; 50% of retirement benefits.
¶ 4. Ken contests the chancellor's award to Nancy of fifty percent of his military retirement benefits, asserting that he was the sole contributor and should therefore be entitled to the full amount. Nancy, in turn, claims that the retirement benefits are a marital asset and have been properly distributed. She also requests attorney's fees for this appeal.

ISSUE

WAS THE CHANCELLOR IN MANIFEST ERROR IN AWARDING THE WIFE ONE HALF OF THE HUSBAND'S MILITARY RETIREMENT SINCE HE WAS THE SOLE CONTRIBUTOR TO THE FUND?
¶ 5. The standard of review applied by this State in domestic relations matters is limited to that as applied in Stevison v. Woods, 560 So.2d 176, 180 *301 (Miss.1990), that a chancellor's findings will not be disturbed unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied. Bell v. Parker, 563 So.2d 594, 596-97 (Miss.1990). Thus, on appeal, the chancellor's findings of fact, supported by credible evidence and not manifestly wrong, must be respected. Newsom v. Newsom, 557 So.2d 511, 514 (Miss.1990).
¶ 6. The chancery court's authority to divide marital assets is born from principles of fairness which are rooted in the court's inherent powers of equity. Ferguson v. Ferguson, 639 So.2d 921, 927 (Miss. 1994). In Ferguson, the supreme court promulgated a list of guidelines to assist chancellors in the division of marital property. The court wrote:
[T]his Court directs the chancery courts to evaluate the division of marital assets by the following guidelines and to support their decisions with findings of fact and conclusions of law for purposes of appellate review. Although this listing is not exclusive, this Court suggests the chancery courts consider the following guidelines, where applicable, when attempting to effect an equitable division of marital property:
1. Substantial contribution to the accumulation of the property. Factors to be considered in determining contribution are as follows:
a. Direct or indirect economic contribution to the acquisition of the property;
b. Contribution to the stability and harmony of the marital and family relationships as measured by quality, quantity of time spent on family duties and duration of the marriage; and
c. Contribution to the education, training or other accomplishment bearing on the earning power of the spouse accumulating the assets.
2. The degree to which each spouse has expended, withdrawn or otherwise disposed of marital assets and any prior distribution of such assets by agreement, decree or otherwise.
3. The market value and the emotional value of the assets subject to distribution.
4. The value of assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property brought to the marriage by the parties and property acquired by inheritance or inter vivos gift by or to an individual spouse;
5. Tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution;
6. The extent to which property division may, with equity to both parties, be utilized to eliminate periodic payments and other potential sources of future friction between the parties;
7. The needs of the parties for financial security with due regard to the combination of assets, income and earning capacity; and,
8. Any other factor which in equity should be considered.
Ferguson, 639 So.2d at 928.
¶ 7. Mississippi applies the doctrine of equitable distribution when deciding issues of marital assets. Ferguson v. Ferguson, 639 So.2d 921, 927 (Miss.1994). Marital property is defined as "any and all property acquired or accumulated during the marriage". Assets so acquired or accumulated during the course of the marriage are marital assets and are subject to equitable distribution by the chancellor. Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994). It matters not that only one spouse was the sole financial contributor to the asset. Ferguson, 639 So.2d at 926, clearly takes into account contributions to the marriage from a spouse of a nonfinancial nature.
¶ 8. The chancellor correctly followed the Ferguson guidelines and included Ken's retirement benefits as a marital asset. Ken asserts that the monthly payments *302 of the retirement benefits to Nancy are actually periodic alimony and that since the court has denied periodic alimony to Nancy that these benefits should also be denied on that basis. The fact that these benefits are distributed in the form of monthly payments, resembling periodic alimony, does not change the character of the benefits as a marital asset. "Alimony and equitable distribution are distinct concepts, but together they command the entire field of financial settlement of divorce. Therefore, where one expands, the other must recede." Ferguson, 639 So.2d at 929. Ken's retirement in its entirety was accumulated during the marriage and is a marital asset subject to equitable distribution. Accordingly, the chancellor's decision to distribute one half to Nancy is entirely within his discretion and is affirmed.

ATTORNEY'S FEES
¶ 9. Nancy seeks to sanction her husband for this appeal for what she considers to be a frivolous one under Rule 38 of the Rules of Appellate Procedure. We cannot say from the record that this is a frivolous appeal. Ken was appropriated most of the marital assets; however, he also incurred the responsibility for the debt as well and sought relief. The Court, however, is not bound to leave Nancy destitute. In determining the proper assessment of attorney's fees, we will follow the rule as enunciated in Schilling v. Schilling, 452 So.2d 834, 836 (Miss.1984). The Mississippi Supreme Court said in that case that the usual award in such a case is one-half of the fee that was allowed by the lower court. The chancellor awarded to Nancy a reasonable attorney's fee of $5,000. Pursuant to Schilling, this Court awards to Nancy a fee of $2,500, or one-half of the chancellor's award.
¶ 10. THE JUDGMENT OF THE LAUDERDALE COUNTY CHANCERY COURT IS AFFIRMED. APPELLEE AWARDED ATTORNEY'S FEE OF $2,500 ON APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, PAYNE, AND THOMAS, JJ., CONCUR.