811 So.2d 427 (2001)
Billy CORK, Jr., Appellant,
v.
Etta Avant CORK, Appellee.
No. 2000-CA-00752-COA.
Court of Appeals of Mississippi.
March 6, 2001.
*428 J. Niles McNeel, Louisville, For Appellant.
Charles Bruce Brown, Starkville, For Appellee.
Before KING, P.J., BRIDGES, and THOMAS, JJ.
KING, P.J., for the Court:
¶ 1. Billy Cork, Jr. and Etta Avant Cork were granted an irreconcilable differences divorce. The Choctaw County Chancery Court ordered Mr. Cork to pay Mrs. Cork $400 per month in alimony and awarded her a portion of his retirement benefits. Aggrieved, Mr. Cork has appealed and assigned the following errors:
I. Whether the trial court erred by awarding Mrs. Cork $400 in alimony; and
II. Whether the trial court erred in awarding Mrs. Cork a portion of Mr. Cork's retirement benefits.

FACTS
¶ 2. The Corks were married on December 25, 1973. At the time of their marriage, Mrs. Cork had one child who was *429 then three years of age. This child lived with the Corks during most of the marriage. The Corks had no children together.
¶ 3. During the marriage, the Corks accumulated items of marital property but also maintained some items of separate property. Mrs. Cork owned a lot in Pheba, Mississippi, which she had received from her family and a 1969 Malibu, which was acquired prior to the marriage. Mr. Cork owned a 1972 Chevrolet Monte Carlo, which he acquired prior to the marriage. The parties separated May 1, 1998, in Choctaw County, Mississippi, and thereafter agreed to an irreconcilable differences divorce pursuant to Miss.Code Ann. § 93-5-2(3) (Rev.1994) and to allow the chancellor to dispose of the financial matters and other issues relative to granting a divorce. Among the remaining items were Mrs. Cork's requests for alimony, and a portion of Mr. Cork's retirement benefits.
¶ 4. The chancellor determined (1) that the parties had twenty-six years of marriage, of which twenty-two years were lived as husband and wife, (2) that the husband's income had always exceeded that of the wife, and was twice that of the wife's at the time of divorce, (3) that the disparity in income and the expenses of the wife justified an award of alimony in the amount of $400 per month. The chancellor directed that the $400 per month in alimony would end upon Mr. Cork's retirement, at which time Mrs. Cork would receive a portion of his retirement benefits. The chancellor provided that the amount of retirement benefits due Mrs. Cork be calculated as follows:
Retirement amount (received by the husband) × 22 years as husband and wife × .35 (percentage of marital assets awarded to the wife) / by the husband's total years of service prior to retirement.
¶ 5. The chancellor also ordered that if the retirement benefit payable to Mrs. Cork was less than $400 per month, the difference would be supplemented by Mr. Cork, if he obtained other employment after retirement.
¶ 6. The court found that Mr. Cork had supported Mrs. Cork's child throughout the marriage and determined it appropriate that he receive a larger share of the marital estate. The chancellor awarded Mrs. Cork thirty-five percent (35%) of the marital assets and Mr. Cork sixty-five percent (65%) of the marital assets. The chancellor found the marital assets as follows:

1) house, shop, and 1.5 acres $53,000.00
2) 1986 Volvo DL 2,800.00
3) 1986 Volvo GL 3,700.00
4) 1981 Chevrolet Pickup 1,500.00
5) 1974 Chevrolet Pickup 500.00
6) 1990 Hundai 1,000.00
7) 1977 Buick Electra Limited 600.00
8) 1981 Buick Regal 700.00
9) Ford Tractor 1,200.00
10) Etta Avant Cork's 401 K Plan 1,680.00
 __________
 Total $66,680.00

¶ 7. Mrs. Cork was awarded the 1986 Volvo GL, valued at $3,700, 1990 Hyundai, valued at $1,000 and her 401K, valued at $1,680, and $17,000 for her interest in the marital home. These items totaled 35% of the marital estate. Each party was directed to pay those debts incurred in his name.

ANALYSIS

Whether the trial court erred by awarding appellee $400 in alimony.
¶ 8. Alimony awards are within the chancellor's discretion and may not be reversed unless there is a finding that the chancellor committed manifest error in his findings of fact and abused his discretion. Ethridge v. Ethridge, 648 So.2d 1143, 1145-46 (Miss.1995). To determine whether to award alimony, our chancellors are guided by the twelve factors enunciated in *430 Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993), which are:
1. The income and expenses of the parties;
2. The health and earning capacities of the parties;
3. The needs of each party;
4. The obligations and assets of each party;
5. The length of the marriage;
6. The presence or absence of minor children in the home, which may require that one or both of the parties either pay, or personally provide, child care;
7. The age of the parties;
8. The standard of living of the parties, both during the marriage and at the time of the support determination;
9. The tax consequences of the spousal support order;
10. Fault or misconduct;
11. Wasteful dissipation of assets by either party; or
12. Any other factor deemed by the court to be "just and equitable" in connection with the setting of spousal support.
¶ 9. The court applied these factors to the evidence presented and determined that an award of alimony was appropriate. The evidence established (1) that both parties worked continuously during the marriage; (2) that Mr. Cork then earned approximately $33,000 per year, while Mrs. Cork then earned approximately $15,000 per year; (3) that the Corks were approximately the same age, she was 50 and he was 51; and (4) that both parties enjoyed good health.
¶ 10. While Mr. Cork's income had always been larger than Mrs. Cork's, a steady decline in available overtime hours caused a decline in his income. The court found that Mr. Cork had adjusted gross income of $2,142 per month and Mrs. Cork had adjusted gross income of $910 per month. Mrs. Cork offered proof of present living expenses, as of November 10, 1998, of $1,318, and projected living expenses of $2,265. Mr. Cork established living expenses of $1,799, as of December 1999, and projected living expenses as of January 2000, of $1,524.
¶ 11. The trial court applied the Armstrong factors and determined that an alimony award of $400 per month was appropriate for Mrs. Cork. This award is supported by substantial, credible evidence. Accordingly, this Court cannot say the chancellor abused his discretion.

Whether the trial court erred by awarding appellee a portion of appellant's retirement benefits.
¶ 12. Mr. Cork has asked this Court to hold the chancellor erred by subjecting his retirement benefits to equitable distribution. He suggested that she in no way contributed to the accumulation of this asset and accordingly is not entitled to a proportionate share of it.
¶ 13. All property acquired during marriage is considered marital property, and subject to equitable distribution, unless it is clearly shown to be a separate estate apart from the marriage. Hemsley v. Hemsley, 639 So.2d 909, 914 (Miss.1994). The party seeking to exclude an item from the marital estate bears the burden of establishing its separate character. A & L, Inc. v. Grantham, 747 So.2d 832, 839 (Miss.1999).
¶ 14. Mr. Cork did not convince the chancellor, nor has this Court been convinced, that he carried the burden of proof. Indeed, the record shows absolutely no effort by Mr. Cork to establish his retirement benefits as a separate estate. Absent such proof, property acquired during *431 marriage is presumed to be marital property, and subject to equitable distribution according to the Ferguson factors. Hemsley at 915.
¶ 15. The chancellor's decision properly applied the law, and is supported by substantial evidence; accordingly, this Court is not at liberty to disturb that decision. McLemore v. McLemore, 762 So.2d 316, 319 (Miss.2000).
¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF CHOCTAW COUNTY, MISSISSIPPI IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT. STATUTORY INTEREST AND DAMAGES ARE AWARDED TO THE APPELLEE.
McMILLIN, C.J., SOUTHWICK, P.J., PAYNE, BRIDGES, THOMAS, LEE, MYERS and CHANDLER, JJ., concur. IRVING, J., not participating.