ROBERTS, J., for the Court:
¶ 1. This appeal centers on a chancery court’s equitable division of marital property. Ira M. Pruitt claims that the Carroll County Chancery Court erred when it awarded his ex-wife, Lena M. Walker Pruitt, approximately $92,000 as her portion of his accrued retirement benefits through the Mississippi Public Employees’ Retirement System (PERS). According to Ira, the chancellor erred by going beyond the record to calculate the present market *1251 value of his PERS retirement account. We agree. Therefore, we reverse the chancellor’s judgment and remand this matter for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
¶ 2. Ira and Lena were married during February 1970. In late 2000 or early 2001, they separated after more than thirty years of marriage.[1] Approximately ten years after they separated, Ira filed a complaint for divorce based on irreconcilable differences. Alternatively, Ira claimed that he was entitled to a divorce based on Lena’s adultery or her habitual cruel and inhuman treatment. Lena responded and filed a counterclaim for a divorce based on habitual cruel and inhuman treatment, desertion, adultery, or irreconcilable differences. Ultimately, they consented to a divorce based on irreconcilable differences. They asked the chancellor to divide their marital property and debt.
¶ 3. The parties went to trial on May 14, 2012. Lena testified first. For brevity’s sake, it should suffice to say that the majority of her testimony focused on financial matters. Ira testified after Lena. Like Lena, much of Ira’s testimony centered on his financial status. For purposes of this appeal, his most pertinent testimony involved his retirement. Ira testified that he retired from the Greenwood Public School System in 1996. Ira also retired from the Delta Correctional Facility during 2010. He had two separate retirement accounts. On cross-examination, Lena’s attorney asked Ira whether he knew the balance of his PERS account. Ira did not know his balance, but his attorney stated that Ira would execute a release, so Lena could attempt to obtain the balance of Ira’s PERS account. Ira’s statement under Rule 8.05 of the Uniform Chancery Court Rules indicated that he received approximately $2,300 in retirement benefits each month. When Ira retired from the Delta Correctional Facility during January 2011, he received a lump-sum payment of approximately $17,000 from his 401 (k) retirement account.
¶ 4. After Lena and Ira testified, they stipulated that Lena should receive a divorce based on their irreconcilable differences. The chancellor announced that he would take the remaining issues under advisement and issue a bench opinion at a later date. Approximately one week later, the chancellor wrote a letter to the parties and announced that he needed “more detailed information regarding the parties’ retirement.” Accordingly, the chancellor asked for “the values of both parties’ retirement accounts as of [the date Ira and Lena separated] and as of the date of [the] trial.” Lena’s attorney forwarded a letter to the chancellor from PERS. That letter said that Lena had no retirement benefits. Ira’s attorney attempted to comply with the chancellor’s instructions. In a letter to the chancellor, Ira’s attorney said that he and Ira had “been unable to recover that information.” Ira’s attorney explained that “[i]t appears that once the parties begin to draw funds[,] prior statements are deleted.”
¶ 5. On August 27, 2012, the chancellor entered his opinion. The chancellor’s opinion is appropriately thorough and detailed. We focus on those aspects of the chancellor’s opinion that relate to his division of Ira’s PERS retirement account. The chancellor found that the parties sepa *1252 rated on August 5, 2000. The chancellor noted that Ira retired as a public-school teacher during 1996. The chancellor then calculated the present value of Ira’s retirement account based on information that the chancellor obtained from the PERS retiree handbook. The chancellor found the ' PERS retiree handbook from the PERS website. Using the information the chancellor obtained from the PERS handbook, the value of Ira’s monthly retirement checks, and the “thirteenth check” that Ira received from PERS each year, the chancellor attempted to extrapolate the present value of Ira’s PERS account. According to the chancellor, the present market value of Ira’s PERS account was approximately $275,000.
¶ 6. After discussing the factors set forth in Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994), the chancellor held that Lena was “entitled to one-third of Ira’s retirement benefits, beginning September ] 2012[,] and continuing as long as Ira receives [such] benefits.” The chancellor noted that he was prohibited from directing the State to pay PERS benefits to a spouse or placing a lien on a spouse’s PERS retirement benefits. Consequently, the chancellor ordered Ira to pay Lena “a monthly payment of $500.00, or one-third (1/3) of his retirement benefit[,] and one-third (1/3) of his [“thirteenth”] check, or cost of living adjustment, each year.” Additionally, the chancellor held that Lena was entitled to approximately $92,500 from Ira’s PERS retirement account. The chancellor awarded Lena a judgment for that figure.
¶ 7. Next, the chancellor awarded Lena a judgment of approximately $2,500-which represented Lena’s portion of Ira’s 401(k) account. The chancellor then held that Ira could satisfy the two judgments against him “either in lump sum or with an additional monthly payment of $500 per month until the whole [judgment of approximately $95,000] is satisfied.” Ira appeals.
STANDARD OF REVIEW
¶ 8. “When this Court reviews domestic relations matters, our scope of review is limited by the substantial evidence/manifest error rule.” Giannaris v. Giannaris, 960 So.2d 462, 467 (¶8) (Miss.2007) (citations omitted). “Therefore, we will ‘not disturb the findings of a chancellor unless the chancellor was manifestly wrong [or] clearly erroneous[,] or [applied] an erroneous legal standard[.]’ ” Id. (quoting R.K. v. J.K., 946 So.2d 764, 772 (IF 17) (Miss. 2007)).
ANALYSIS
¶ 9. Ira’s issue on appeal stems from the fact that after the parties went to trial, the chancellor found information from a PERS handbook and the PERS website and determined a value for Ira’s PERS retirement account. Ira argues that the chancellor erred by considering evidence outside the record. We agree.
¶ 10. In Dunaway v. Dunaway, 749 So.2d 1112, 1121 (¶ 28) (Miss.Ct.App.1999), a chancellor was faced with proof of valuation that was “something less than ideal.” Consequently, the chancellor “made valuation judgments” that had at least some evidentiary support in the record. Id. This Court stated that “[t]o the extent that the evidence on which the chancellor based his opinion was less informative than it could have been, we lay that at the feet of the litigants and not the chancellor.” Id. Accordingly, this Court found that the chancellor had not abused his discretion. Id.
¶ 11. Although a chancellor may value assets based on evidence that is based on something less than ideal, the chancellor’s valuation must be based on at least some evidentiary support in the rec *1253 ord. In other words, we must draw a distinction between less-than-ideal evidence presented by parties to the litigation, and information outside of the record that neither party presented. Despite the chancellor’s clear and thorough attempt to resolve the issue in an equitable manner, under the precise circumstances of this case, we must find that it was an abuse of discretion to consider evidence that was outside the record. It follows that we remand this case for further proceedings.
¶ 12. On remand, the chancellor may exercise his considerable discretion when calculating the manner in which Ira’s PERS retirement benefits should impact the equitable distribution of Ira’s and Lena’s marital assets and liabilities. We are aware of no restriction on the chancellor’s right to calculate Ira’s income based on the monthly payments he receives from his PERS annuity — at least to the extent that such income impacts Ira’s ability to pay Lena alimony. But we caution the chancellor to remain mindful that Ira cannot exercise any option to pay Lena a lump-sum figure from his PERS retirement account. Essentially, a lump-sum payment from Ira’s PERS account would operate as a qualified domestic relations order (QDRO). A QDRO is permissible in the context of a retirement account governed by the Employment Retirement Income Security Act (ERISA). See Parker v. Parker, 641 So.2d 1133, 1137 (Miss. 1994). But ERISA does not apply to retirement plans that are “established and maintained for its employees by ... the government of any State....” 29 U.S.C. § 1321(b)(2) (2012). PERS was established “for the purpose of providing retirement allowances and other benefits ... for officers and employees in the state service and their beneficiaries.” Miss.Code Ann. § 25-11-101 (Rev. 2010). Furthermore, accrued PERS benefits are “exempt from levy and sale, garnishment, attachment or any other process whatsoever, and shall be unassignable except as specifically otherwise provided in this article.... ” Miss. Code Ann. § 25-11-129(1) (Rev. 2010). Therefore, a lump-sum payment from an accrued PERS retirement account is not permissible by way of a QDRO. We recognize that the chancellor’s order did not specifically attempt to award Lena any figure by way of a QDRO — at least not in name. When the chancellor denied Ira’s motion for reconsideration, he noted Ira’s claim that the lump-sum judgment was a “masked” QDRO “under another name.” The chancellor found no merit to Ira’s claim, but he did not discuss his reasoning. Notwithstanding the name used to describe the lump-sum judgment, the mechanics involved operate no differently than a QDRO. Most importantly, it is legally impossible for Ira to transfer a lump-sum figure from his PERS account. A legally impossible option is not an option at all.
¶ 13. THE JUDGMENT OF THE CARROLL COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. Ira and Lena had two children during their marriage. Both of their children were adults at the time that Ira and Lena divorced.