# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00418-COA

## CONSOLIDATED WITH

## 2015-CT-01513-COA

| | |
|---|---|
| JANICE LODEN SULLIVAN | APPELLANT |

v.

| | |
|---|---|
| JAMES WAYNE SULLIVAN | APPELLEE |

| | |
|---|---|
| DATE OF JUDGMENT: | 02/05/2019 |
| TRIAL JUDGE: | HON. JACQUELINE ESTES MASK |
| COURT FROM WHICH APPEALED: | LEE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | MICHAEL LEE DULANEY |
| | JOHN SAMUEL GRANT IV |
| ATTORNEYS FOR APPELLEE: | JASON D. HERRING |
| | MICHAEL SPENCER CHAPMAN |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED AS MODIFIED - 09/08/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., WESTBROOKS AND McDONALD, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     This is the second appeal in this divorce case.  In the first appeal, this Court reversed and remanded for additional findings regarding the equitable division of the marital estate. The only issue in this appeal concerns the marital portion of the husband's Mississippi Public Employees Retirement System (PERS) benefits.  Wayne Sullivan was already retired and drawing PERS benefits when the parties separated.  On remand, the chancellor calculated the marital portion of Wayne's monthly benefit payment and ordered him to pay his ex-wife,

Janice Sullivan, one half of that amount each month for twelve years. On appeal, Janice argues that the chancellor erred by not granting her an enforceable judgment for the sum of all twelve years of payments because the payments are in the nature of lump sum alimony.

¶2.     We conclude that the payments are not lump sum alimony but rather reflect what has been referred to as a "deferred distribution" of the marital portion of retirement benefits. Therefore, the chancellor did not err by denying Janice's request for judgment for the sum of all future payments. However, we also conclude that the logic of the chancellor's deferred distribution dictates that Janice is entitled to her share of the marital portion of all PERS benefits received by Wayne. Therefore, we modify the judgment by striking the twelve-year limitation and affirm as modified.

## FACTS AND PROCEDURAL HISTORY

¶3.     Wayne and Janice were married in 1998. Wayne worked for a community college during the marriage. He earned about $80,000 per year at the start of the marriage. When he retired in 2010, he was earning more than $150,000 per year and had accrued a total of 38.75 years of state service. After he retired, Wayne began drawing benefits from PERS.

¶4.     The parties separated in 2014 and later consented to an irreconcilable differences divorce. They submitted all issues related to property division and alimony to the chancellor for a decision. This Court reversed and remanded the initial property division because the chancellor did not apply the *Ferguson*[1] factors. *Sullivan v. Sullivan*, 243 So. 3d 240, 243

---

[1] *Ferguson v. Ferguson*, 639 So. 2d 921, 928 (Miss. 1994).

(¶11) (Miss. Ct. App. 2017), *cert. denied*, 236 So. 3d 818 (Miss. 2018). We also reversed and remanded the chancellor's order that Janice "shall receive from [Wayne's] retirement . . . the sum of $1,360 per month for up to twelve years." It was unclear whether the award "was intended to be part of equitable distribution" or "was in fact alimony," and the chancellor made insufficient findings to support the award. *Id.* at 243 (¶¶12-14).

¶5.     On remand, the chancellor discussed the value of the marital portion of Wayne's PERS retirement as follows:

> Wayne has 38.75 years of service in the PERS system. The parties were married for 12 of those years. The percentage thereof attributable to the marriage is thirty-two (32%) percent (that is, 12 divided by 38.75 is 0.32).[2] The proof was that Wayne will be receiving $8,500 monthly.[3] One-half of the marital portion thereof (that is, $8500 multiplied by .32 is $2720), in the monthly amount of $1,360, is awarded to each party from Wayne's retirement benefits for a period of 12 years, for a total amount of $195,840.

After considering the *Ferguson* factors, the chancellor awarded Wayne marital property with a total net value of $553,232.63 and awarded Janice martial property with a total net value

---

[2] This calculation is slightly off. Twelve divided by 38.75 is slightly less than thirty-one percent.

[3] According to Wayne's Uniform Chancery Court Rule 8.05 financial statement and his testimony on direct examination, he receives $8,208.22 per month in retirement benefits from PERS. However, on cross-examination, Janice's counsel referred to the amount as "$8,500," and Wayne did not correct him. The record contains no actual documents from PERS showing Wayne's monthly benefit. Wayne also testified that he was receiving the maximum retirement allowance (i.e., the standard single life annuity) and that there would be nothing left in his account for any beneficiary to receive after his death. *See* Miss. Code Ann. § 25-11-115(1) (Rev. 2018).

3

of $571,108. The chancellor also declined to award alimony to Janice.[4]

¶6.    Janice filed a motion to alter or amend the judgment in which she argued that the court should have granted her an enforceable judgment for the sum of all future payments from Wayne's retirement benefits, not just a right to receive "monthly draws along with [Wayne]." Janice asked the chancellor "to grant [her] a judgment in the amount of $195,840, payable over a 12 year term at $1,360 per month, thereby protecting [her] interest should [Wayne] pass prior to repayment in full."

¶7.    The chancellor concluded that Janice was not entitled to the judgment she requested and denied her motion in relevant part.[5]  The chancellor's order reasoned:

> With regard to the manner in which PERS benefits are allocated, such benefits, though included in the equitable division of marital assets, "are in the nature of alimony, based on a vested retirement income stream, the right to which is based on [the former spouse/payee's] earnings, [some] percent of which were earned during the marriage." [*Aaron v. Aaron*, 147 So. 3d 370, 374 (¶15) (Miss. Ct. App. 2014)].

¶8.    Janice again appealed.  In this appeal, Janice raises only one issue: whether "[t]he chancellor erred in the property division by awarding Janice a share of Wayne's PERS account that will abate at Wayne's death."

## ANALYSIS

---

[4] Janice receives $1,333 per month from a trust her mother established.  She has also received frequent gifts from her father.

[5] Janice's motion to alter or amend the judgment also asked the chancellor to grant her half of the marital portion of Wayne's "13th check" from PERS (i.e., his annual cost of living adjustment).  *See* Miss. Code Ann. § 25-11-112 (Rev. 2018).  The chancellor granted this request and awarded her 16% of Wayne's 13th check for twelve years.

4

¶9. A chancellor's division of marital property "will be upheld if it is supported by substantial credible evidence." *Owen v. Owen*, 798 So. 2d 394, 397 (¶10) (Miss. 2001). We review "[a] chancellor's conclusions of law . . . de novo." *Lowrey v. Lowrey*, 25 So. 3d 274, 285 (¶26) (Miss. 2009).

¶10. As stated above, Janice argues that the chancellor erred by awarding her a share of Wayne's PERS benefits that abates at Wayne's death. Janice contends that her payments from Wayne's PERS benefits are akin to "lump sum alimony": "a fixed and irrevocable amount" that may be "used either as alimony *or as a part of property division*" and that "may be payable in a single lump sum *or in fixed periodic installments*." *Smith v. Little*, 834 So. 2d 54, 58 (¶10) (Miss. Ct. App. 2002) (emphasis added). Janice argues that the chancellor erred by not granting her a judgment that would survive Wayne's death because "lump sum alimony is vested in the obligee" when the judgment is entered "and becomes an obligation of the estate of the obligor if he or she dies before payment." *Id.*

¶11. Janice correctly states the law regarding lump sum alimony, but we disagree that her payments from Wayne's PERS benefits were intended or must be characterized as lump sum alimony. Rather, we believe that the chancellor adopted the "deferred distribution" method of dividing Wayne's PERS benefits. Deborah H. Bell, *Bell on Mississippi Family Law* § 7.04[1][c][ii], at 204 (2d ed. 2011). Under this method, a court may award one spouse a percentage of the other spouse's "*actual* retirement benefit." *Id.* (emphasis added). For example, as Professor Bell explains, a court might award the wife "50% *of each payment*

5

*received by the* [*husband*], multiplied by a fraction described by [years of employment service during the marriage] by total years of employment service." *Id.* (emphasis added); *see also* 2 Brett R. Turner, *Equitable Distribution of Property* § 6:32, Westlaw (database updated Dec. 2019) (explaining that the deferred distribution method "is based upon the benefits actually received" and "not upon a prediction of . . . benefits"). That is what the chancellor did in this case by awarding Janice 50% of each payment multiplied by 12/38.75. In general, this is a permissible way to divide the marital portion of retirement benefits under a defined-benefit plan such as PERS. *See Cork v. Cork*, 811 So. 2d 427, 429-31 (¶¶4, 12-15) (Miss. Ct. App. 2001) (affirming an award to the wife of 35% of each payment "received by the husband" multiplied by a fraction of "22 years as husband and wife" divided by "the husband's total years of service prior to retirement"); *see also Aaron*, 147 So. 3d at 372-74 (¶¶5, 14-15) (affirming the chancellor's interpretation of a property settlement agreement as awarding the wife 50% of the husband's PERS payments multiplied by a fraction of eleven years of marriage divided by twenty years of total service, with such payments to terminate upon the death of either spouse); *Black v. Black*, 741 So. 2d 299, 302 (¶8) (Miss. Ct. App. 1999) (affirming an award to the wife of half of future retirement payments received by the husband as part of the equitable division of marital assets—even though distribution was "in the form of monthly payments[] resembling periodic alimony").[6]

---

[6] Although deferred distribution payments may *resemble* alimony, they are a division of property, "*not* alimony," and therefore "are not subject to modification [based on] a material change in circumstances." 2 Turner, *supra*, § 6:32.

¶12.   Moreover, the deferred distribution method of dividing Wayne's PERS benefits was probably the best approach in this case because the parties provided the chancellor with no present value calculations or any other evidence to establish the present value of Wayne's benefits.  *See* Bell, *supra*, § 7.04[1][c][i]-[ii], at 204 (explaining that a "lump sum" award requires the court to determine the present value of future benefits, but "it is not necessary to calculate present value" if the deferred distribution approach is used).  Indeed, the only evidence in the record about Wayne's PERS account is a line item in his Rule 8.05 financial statement and Wayne's brief testimony on the subject.  *See supra* n.3.  The record contains no account statements or any other documents related to the account.  Thus, there was no useful evidence for the chancellor to use to calculate a present value for Wayne's benefits, and this Court has held that a chancellor may not go "outside the record" for information to value PERS benefits.  *Pruitt v. Pruitt*, 144 So. 3d 1249, 1252-53 (¶¶9-11) (Miss. Ct. App. 2014).  Thus, use of the deferred distribution method was reasonable in this case.[7]

¶13.   If the chancellor's order is understood as a deferred distribution of Wayne's PERS benefits, then the chancellor did not err by denying Janice the judgment she requested. Janice is entitled to half of the marital portion of PERS benefits to the extent that Wayne actually receives them, nothing more and nothing less.  *See* Turner, *supra*, § 6:32 ("In every

---

[7] Deferred distribution may not be the best approach in other cases.  *See* 2 Turner, *supra*, § 6:32 (discussing "four major weaknesses" of the deferred distribution method).  In addition to other potential weaknesses of this method, PERS will not administer payments ordered by divorce decrees, and PERS benefits are not subject to a division through a Qualified Domestic Relations Order.  *Pruitt*, 144 So. 3d at 1253 (¶12).  Therefore, a court can only order the PERS member to make payments to his or her former spouse.

case [utilizing the deferred distribution approach], the nonowning spouse will receive his or her exact correct share of the retirement benefits.").

¶14. The only error in the judgment is that it limits Janice's right to receive payments to twelve years. It appears that the chancellor limited Janice to twelve years of payments because Wayne accrued twelve years of PERS service during the marriage. However, the chancellor had *already* factored that into her calculation of the marital portion of Wayne's PERS benefits—i.e., the chancellor divided Wayne's twelve years of PERS service during the marriage by his total years of PERS service to determine the percentage of his benefits "attributable to the marriage." *See supra* ¶5. Thus, the chancellor's order effectively reduced Janice's distribution *twice* based on the same fact.

¶15. The twelve-year limitation is also inconsistent with the chancellor's stated intent to divide this marital asset on a 50/50 basis. Wayne will continue receive the marital portion of his PERS benefit until his death. If Janice's right to payment is terminated after twelve years, then after twelve years, Wayne will receive the *full* marital portion of the monthly benefit ($2,720) while Janice will receive nothing. Under the logic of the deferred distribution method and the chancellor's intended 50/50 division of this marital asset, Janice should continue to receive her half of the marital portion of Wayne's PERS benefits as long as Wayne continues to draw benefits.

## CONCLUSION

¶16. The chancellor did not err by denying Janice's request for a judgment for the sum of

future payments or a judgment that would be enforceable against Wayne's estate because the payments at issue are a deferred distribution of Wayne's PERS benefits, not lump sum alimony. However, the deferred distribution should not be terminate after twelve years but should continue as long as Wayne receives PERS benefits. Accordingly, we strike the portions of the chancery court's judgment that terminate Janice's right to such payments after twelve years. Wayne shall pay Janice $1,360 per month and 16% of his annual cost of living adjustment, *see supra* n.5, as long as he receives PERS retirement benefits. Subject to that modification, we affirm the judgment of the chancery court.

¶17. **AFFIRMED AS MODIFIED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**